HIRAM T. HORTON vs. JOHN B. KELLY and another.

March 5, 1889.

**Mortgage on Homestead and Other Lands — Foreclosure — Order of Sale.** — Where a mortgage covers an exempt homestead and additional lands, the mortgagor is entitled, upon the foreclosure, to have the non-exempt property first sold and applied to the satisfaction of the mortgage debt.

**Same — Fraudulent Conveyance of Such Other Lands — Effect of Judgment Avoiding it.** — And where a conveyance by such mortgagor of that portion of the mortgaged premises not included in the homestead is found to be fraudulent and void, and is set aside at the suit of creditors, it cannot be continued in force as to any of the parties to the deed, and the homestead and dower interests of the grantors will be protected as if no such conveyance had been made.

**Same — Such Conveyance Sustained as against Creditors.** — In recognition of such homestead rights of the mortgagor the trial court was justified in refusing to set aside a fraudulent deed of lands mortgaged with the homestead, where the amount due on the mortgage largely exceeded the value of such non-exempt lands, on the ground that the equity of redemption of the mortgagor therein had no substantial value for creditors to reach. Following *Baldwin* v. *Rogers*, 28 Minn. 544.

Plaintiff, a judgment creditor of the defendant John B. Kelly, brought this action in the district court for Olmsted county, to avoid as fraudulent a voluntary conveyance of the N. ½ of the S. E. ¼ of section 9, town 105, range 14, in that county, made by the judgment debtor and his wife to their son, the defendant Joseph Kelly. The action was tried by *Start*, J., who found these facts: On May 21, 1879, the defendant John B. was indebted to plaintiff in the sum of $1,300, for a balance of which the plaintiff, on May 23, 1885, recovered and docketed a judgment against him, on which there remains due $650.90, with interest from its date. On May 21, 1879, the defendant John B. owned the tract above described (the N. ½ of the S. E. ¼) and also the E. ½ of the N. E. ¼ of the same section, the whole being an improved farm worth $2,200, and he continued to own both tracts until April 17, 1880, when he mortgaged them (his wife joining) to one

v.40m—13

Linton, to secure payment of a just debt of $2,000 in five years from that date, with interest at 8 per cent. per annum. The E. ½ of the N. E. ¼ had for several years been John B.'s homestead and was such when, on February 4, 1882, being insolvent, he, with his wife, executed and delivered to the defendant a conveyance in fee of the N. ½ of the S. E. ¼. At that time there was due on the mortgage to Linton the principal sum of $2,000, and interest from April 17, 1881. The consideration expressed in the deed was Joseph's agreement to pay, as the purchase price, one-half the mortgage debt, and to release certain alleged claims against his father for services. The court also made part of its findings the findings of the jury on issues submitted to it, to the effect that John B. intended by the conveyance to defraud his creditors, that Joseph had notice of such intent, and that the 80 acres conveyed were of the market value of $1,400 at the time of the conveyance, the court, however, upon the admissions in the answer, finding the value to be $1,600. As conclusions of law the court held that defendant John B. had the right in equity to have the 80 acres not his homestead first applied in payment of the mortgage debt, and as that was, more than $400 over and above the value of the 80 acres so conveyed, the conveyance could not actually defraud creditors. Judgment was accordingly ordered and entered for defendants, and the plaintiff appealed.

*Burt W. Eaton* and *Davis, Kellogg & Severance,* for appellant.

*Chas. C. Willson,* for respondents.

VANDERBURGH, J. The debtor John B. Kelly was, as between him and his mortgagee, entitled to have the non-exempt 80-acre tract first applied in satisfaction of the mortgage mentioned in the findings of the trial court. *McArthur* v. *Martin,* 23 Minn. 74. The mortgage, which covers an entire quarter-section, including the homestead of the mortgagors and the 80 acres in question, is overdue, and the amount due thereon exceeds the value of the non-exempt 80-acre tract by more than $400. This tract, it appears, was transferred by deed by John B. Kelly and wife to their son, the defendant Joseph Kelly, subsequent to the execution of the mortgage, and while the defendant John B. Kelly was owing plaintiff the indebtedness sought to be enforced herein against the land so conveyed. This convey-

ance is found to have been made with the intent to defraud the creditors of John B. Kelly.

Estoppels by deed bind only parties and privies, and must be mutual. The plaintiff claims in hostility to the alleged fraudulent conveyance; and, if it be set aside in his favor as fraudulent and void, it cannot be considered still in force as to any of the parties to it, so as to prevent the defendant John B. Kelly and his wife from asserting the same rights for the protection of his homestead as if the alleged fraudulent deed had never been executed; and the dower interest of the wife would continue in force as if no such conveyance had been made. *Malloney* v. *Horan,* 49 N. Y. 111, 119; *Elmendorf* v. *Lockwood,* 57 N. Y. 322; *Roberts* v. *Jackson,* 1 Wend. 478, 484; *Dugan* v. *Massey,* 6 Bush, 81; *Robinson* v. *Bates,* 3 Met. 40; *Sheldon* v. *Weeks,* 7 N. Y. Leg. Obs. 57, 60; Bump, Fraud. Conv. 485; Wait, Fraud. Conv. § 46.

The court was asked to set aside the alleged fraudulent conveyance to the end that the premises might be sold, and the proceeds applied to the satisfaction of plaintiff's judgment, but, following the rule laid down in *Baldwin* v. *Rogers,* 28 Minn. 544, (11 N. W. Rep. 77,) refused the relief sought, because, if the deed were set aside, the incumbrance exceeds the value of the property, so that there would be nothing of value left which could be reached by the creditors. The homestead debtor is not estopped, but will be permitted to assert his equitable right in respect to the application of the mortgaged property, and the order in which the same shall be sold, on the same principle that he is not estopped from claiming his homestead right in property where a fraudulent conveyance thereof is set aside. Wait, Fraud. Conv. §§ 23, 46. This rule in favor of the homestead occupant was rejected as unsound in *White* v. *Polleys,* 20 Wis. 503. But it was afterwards adopted by the legislature, and a statute passed enforcing it. *Hanson* v. *Edgar,* 34 Wis. 653.

The plaintiff raises the point that he is entitled to the rents and profits of the non-exempt 80-acre tract until the foreclosure; but this does not appear to have been made an issue in the court below, and there is no finding upon the question of the rental value of the premises, and it does not appear what it was, so that no case was made

for the equitable interference of the court on this ground, and the point is not, therefore, considered.

Judgment affirmed.