PETER BLAKE vs. JOSEPH BOISJOLI, et al.

Submitted on briefs Oct. 27, 1892. Decided Nov. 17, 1892.

**Fraudulent Conveyances—Intent Held Disproved.**

Action to enforce an alleged trust in favor of creditors in land, the consideration for which had been paid by the debtor, but the conveyance made to his wife. The evidence was that the debtor owned 200 acres of land, 80 of which was exempt as a homestead; that the land was subject to incumbrances considerably in excess of the value of the nonexempt 120 acres; that the debtor exchanged the entire tract subject to incumbrances (which the purchaser assumed) for the land in suit. *Held*, that this evidence justified the court in finding that the statutory presumption of fraudulent intent had been disproved.

Appeal by plaintiff, Peter Blake, from an order of the District Court of Morrison County, *Baxter*, J., made August 7, 1891, refusing a new trial.

This action was brought by the plaintiff, a judgment creditor of the defendant Joseph Boisjoli, under 1878 G. S. ch. 43, §§ 7, 8, to

enforce a trust in favor of plaintiff in Lot two, (2,) Block fourteen, (14,) of Little Falls, the title to which stood in the name of defendant Rosalie Boisjoli.   The court made findings ordering judgment for the defendants.   Plaintiff moved for a new trial, the motion was denied, and he appealed.

*A. P. Blanchard*, for appellant.

This is an action to declare and enforce a trust under the statute, and not one to set aside a conveyance as fraudulent.   Therefore the cases of *Morrison* v. *Abbott*, 27 Minn. 116, and *Baldwin* v. *Rogers*, 28 Minn. 544, do not apply.   In this action, the law presumes the fraudulent intent, and it is only necessary to prove the bare facts of the payment by the debtor and conveyance to the defendant.   *Moffatt* v. *Tuttle*, 35 Minn. 301.   The fact that the consideration paid by the debtor was exempt as his homestead, does not disprove the fraudulent intent.   The property received for it was not exempt, and was put in the name of the debtor's wife, clearly for no other purpose than to defeat the claims of creditors.

*Taylor, Calhoun & Rhodes*, for respondent.

No distinction can be drawn between the common-law action to set aside a conveyance as fraudulent and the statutory action to declare and enforce a trust in property fraudulently conveyed.   2 Pom. Eq. J. 1057; *Gear* v. *Schrei*, 57 Iowa, 666.   A conveyance of a homestead through a third person to the debtor's wife for the purpose of putting it beyond the reach of the husband's creditors, even with intent to defraud, is not fraudulent as against creditors of the husband, because they are in no manner prejudiced thereby. *Morrison* v. *Abbott*, 27 Minn. 116; *Ferguson* v. *Kumler*, 27 Minn. 156; *Baldwin* v. *Rogers*, 28 Minn. 544.   There is no reason why the same rule should not apply where the third person conveys to the wife not the identical property, but the same value in other property.   *Jones* v. *Brandt*, 59 Iowa, 332.

MITCHELL, J.   This was an action to enforce an alleged trust in favor of plaintiff, as creditor of· defendant J. Boisjoli, (1878 G. S.

ch. 43, §§ 7, 8,) in land, the consideration for which had been paid by the debtor, and the conveyance made to his wife and codefendant; and the only question raised by this appeal is whether the evidence justified the finding of the court to the effect that the statutory presumption of fraud had been disproved.

The undisputed evidence is that the defendant debtor was the owner of 200 acres of land, 80 of which was exempt as his homestead; that the whole of the land was subject to a mortgage for over $1,650; that the nonexempt 120 acres were also subject to the lien of a judgment for $175; that the nonexempt part of the land was worth not to exceed $1,200 to $1,400, or considerably less than the incumbrances; that the debtor exchanged the whole 200 acres subject to the incumbrances (which the purchaser assumed) for the land in suit, worth from $800 to $1,200, and had the conveyance made to his wife. This, which was substantially all the evidence in the case, fully justified the finding of the trial court.

The statute provides that "every such conveyance shall be presumed fraudulent as against the creditors, at that time, of the person paying the consideration; and, when a fraudulent intent is not disproved, a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands." The presumption of fraudulent intent in such cases is not conclusive, but simply casts the burden upon the grantee to disprove a fraudulent intent.

This was but declaratory of the rule already sanctioned by the great weight of authority, although some authorities, notably Chancellor Kent, in *Reade* v. *Livingston*, 3 Johns. Ch. 481, had held that the fact of indebtedness at the time of such a conveyance was conclusive evidence of fraud. To constitute any disposition of property fraudulent as to creditors, an essential element is that the thing disposed of must be of value, out of which the creditor could have realized the whole or a part of his claim, or otherwise expressed, property which is appropriable by law to the payment of the debt. As was said in *Baldwin* v. *Rogers*, 28 Minn. 544, (11 N. W. Rep. 77:) "To make a debtor's transfer of property fraudulent as respects his creditors, there must be an intent to defraud, express or implied, and an act which, if allowed to stand, will actually defraud them by hindering, delay-

ing, or preventing the collection of their claims." It follows logically, as we have repeatedly held, that exempt property is not susceptible of fraudulent alienation as respects creditors, as they have no right to have that class of property applied in satisfaction of their claims.

As against plaintiff, the defendant would have had a right to have the nonexempt land first applied to. the payment of the mortgage, *McArthur* v. *Martin,* 23 Minn. 74; *Horton* v. *Kelly,* 40 Minn. 193, (41 N. W. Rep. 1031;) and, as the incumbrances amounted to more than the value of the nonexempt land, there was nothing of substantial value which creditors could have subjected by law to the payment of their claims; consequently, no conveyance which the defendant debtor might make of the land would have been fraudulent as to them. *Baldwin* v. *Rogers,* and *Horton* v. *Kelly, supra.*

Counsel suggests a distinction between conveyances by the debtor declared void by 1878 G. S. ch. 41, tit. 3, and cases where, under the statute of uses and trusts, property, the title to which had never been in the debtor, is impressed with a trust in favor of creditors, because he had paid the consideration for it. Whatever distinctions there may be between the two classes of cases in other respects, there is none in respect to the question here involved, and none is ever made in the books. The transaction was essentially a voluntary conveyance from the debtor to his wife.

Counsel also argues that because, if the debtor had taken title in his own name, creditors could have subjected it to the payment of their claims, therefore it was a fraud on his creditors to take title in his wife's name. But this conclusion by no means follows from the premise. Whether the proceeds of exempt property are liable for debts always depends upon the manner of dealing with it. For example, if one homestead is exchanged for another, the new homestead is exempt; while, if exchanged for a stock of merchandise, the latter would not be. The controlling fact in this case is that creditors are no worse off now than they were before defendant made this disposition of his land. *Jones* v. *Brandt,* 59 Iowa, 332, (10 N. W. Rep. 854, and 13 N. W. Rep. 310.)

Order affirmed.

(Opinion published 53 N. W. Rep. 637.)