AULTMAN & TAYLOR CO. *vs.* OLE A. PIKOP *et al.*

Argued Jan. 10, 1894. Affirmed Feb. 17, 1894.

No. 8489.

**No intent to defraud creditors, in deeding an interest of no value.**

*Baldwin* v. *Rogers*, 28 Minn. 544; *Horton* v. *Kelly*, 40 Minn. 193; and *Blake* v. *Boisjoli*, 51 Minn. 296,—followed, to the effect that a conveyance of real estate incumbered for more than its value is not void, as to creditors of the grantor, though made with intent to put the real estate beyond their reach. Canty, J., dissenting.

Appeal by plaintiff, Aultman & Taylor Co., a corporation, from a judgment of the District Court of Becker County, *D. B. Searle,* J., entered September 20, 1893.

Samuel H. Dalen owned the northeast quarter of Section fourteen (14) T. 140, R. 42, in Becker County. The east half was his homestead on which he resided with his family. On December 6, 1883, he and his wife Kjerste H. Dalen executed a mortgage on the whole quarter section to Johnson Land & Mortgage Co., a corporation, to secure the payment of $660 borrowed of it that day by him. On July 30, 1887, Dalen and wife conveyed the land to Anders O. Pikop,

the wife's brother, subject to the mortgage and he and his wife re-conveyed it August 10, 1889, to Dalen's wife, Kjerste H. Dalen.

On November 15, 1888, Kjerste H. Dalen and husband conveyed the land to her nephew, the defendant Ole A. Pikop, subject to the mortgage on which was then due over $700. He paid off the mortgage December 6, 1888, by making a new one on the land for $690 to the same Johnson Land & Mortgage Co. On June 19, 1891, the plaintiff recovered a judgment against Samuel H. Dalen and Kjerste H. Dalen for $441.61 upon a debt incurred prior to the deed to Anders O. Pikop. Execution was issued and returned unsatisfied.

On November 28, 1891, the plaintiff commenced this action against Ole A. Pikop, Samuel H. Dalen and Kjerste H. Dalen to set aside the deeds claiming they were all made and taken with intent to hinder, delay and defraud the creditors of Dalen and wife. Ole A. Pikop alone answered. Specific questions of fact were submitted to a jury, and in answer thereto they found the conveyances were made without consideration and to hinder, delay and defraud the creditors of Samuel H. Dalen; that the east half of the land was his homestead and worth $1,800; that the value of the west half was but $700. The court accepted the verdict and ordered judgment for defendants dismissing the action on the merits with costs. Judgment was so entered and plaintiff appeals.

*Spooner & Taylor*, for appellant.

*J. W. Reynolds*, for respondent.

GILFILLAN, C. J. This case comes within *Baldwin* v. *Rogers*, 28 Minn. 544, (11 N. W. 77;) *Horton* v. *Kelly*, 40 Minn. 193, (41 N. W. 1031;) and *Blake* v. *Boisjoli*, 51 Minn. 296, (53 N. W. 637,)—in which it was held that a creditor is not defrauded by his debtor conveying real estate incumbered beyond its value, and that the conveyance is not void, though made with intent to defraud such creditor,—and must be controlled by those decisions.

Judgment affirmed.

CANTY, J. I dissent from the opinion of the majority in this action. The decision of the majority requires every one of the following propositions to sustain it:

To sustain it, it must be held, as a presumption of law: (1) That the mortgage will never be paid. (2) That it will be foreclosed. (3) That the mortgagor will exercise his right to compel the mortgagee to sell. the unexempt part of the mortgaged premises first. (4) That such unexempt part, when so sold, will sell for its full value. (5) That such unexempt part will never rise in value during the year between the time of sale and the time of the expiration of redemption. (6) That the judgment creditor will not be able to sell on execution sale any such length of time before the mortgage foreclosure sale as to give the purchaser at such execution sale any beneficial or valuable enjoyment of the premises after the time to redeem from the execution sale has expired, and before the time to redeem from foreclosure sale will expire. (7) It must be further held, as a proposition of law, that the statutory right of a judgment creditor to redeem from the foreclosure of a prior mortgage is not a valuable right, which the courts will either recognize or protect. It seems to me that none of these propositions is good law, or well founded.

It is very seldom that any one ever bids at foreclosure or execution sales, except the creditor at his own sale; and when he bids he takes into consideration the amount of his claim, and the amount of his other security, as much as he does the value of the property on which he bids. A creditor whose security is insufficient will always bid more than one whose security is ample. When one part of the mortgaged premises is a homestead, the other part unexempt, and the amount secured by the mortgage only equals the value of the latter part, the mortgagee will not bid as much for such unexempt part as a subsequent judgment creditor, having no other security, will bid for the same at his own execution sale.

If the premises are not redeemed by the owner, the real bidding takes place between the subsequent lien holders at the time for them to redeem from the sale under the prior lien. But the decision of this court denies this right in many cases such as this, by refusing to declare the subsequent judgment a lien on the unexempt property.

If it is a sufficient defense, in this case, that the unexempt property fraudulently transferred is incumbered for all it is worth, why is it not a sufficient defense in every action brought by a judgment

creditor to set aside a fraudulent transfer of property? It should certainly be held that the creditor has a right to try the question of value at a public sale, and not before a jury. '

(Opinion published 58 N. W. Rep. 551.)