CHARLES H. KEITH v. ANNA ALBRECHT.[1]

May 8, 1903.

Nos. 13,474—(78).

**Homestead—Equitable Title.**

A homestead may be claimed in land of which a party is in possession under a contract of purchase, or under any other equitable title, as well as if it were a legal title.

**Same—Land not Exempt.**

A homestead claimant, who is the equitable owner of land by virtue of a contract of purchase, a part of which is his homestead, has, as between himself and his creditors, the same right to have the nonexempt part of his land first applied to the discharge of the lien of the vendor for the unpaid purchase price as he would have if he held the legal title, and had given a mortgage on the land to secure payment of the purchase price.

**Conveyance not Fraudulent.**

The defendant's husband was the equitable owner of a quarter section of land by virtue of a contract of purchase, eighty acres of which was his homestead. His interest in the land was transferred to the defend-

[1] Reported in 94 N. W. 677.

ant without consideration, by the vendor's cancelling his contract and making a similar one to the defendant. At this time the nonexempt part of the land was beyond question worth materially less than the lien on the land for the unpaid purchase price. *Held*, following Horton v. Kelly, 40 Minn. 193, that the conveyance was not fraudulent as to the husband's creditors at the time.

Appeal by plaintiff from an order of the district court for Lac qui Parle county, Powers, J., granting a motion for a new trial. Affirmed.

*Cliff & Purcell* and *R. G. Farrington,* for appellant.

*Frank Palmer,* for respondent.

START, C. J.

Action to set aside a transfer of a quarter section of land in the county of Lac qui Parle to the defendant as fraudulent as to the creditors of her husband, John Albrecht. The cause was tried by a referee, who, as a conclusion of law from his findings of fact, found that the conveyance was fraudulent as alleged; that the defendant held the land, and the whole thereof, in trust in favor of the creditors of her husband; that it be sold, and the proceeds thereof applied to the payment of the claims of such creditors; and that judgment be so entered. The defendant then made a motion to set aside the report and decision of the referee, and for a new trial of the action, which was granted, and the plaintiff appealed from the order of the court granting a new trial.

There is but little dispute as to the material facts of the case, and the real question here to be determined is whether the facts justify the conclusion of law of the referee. The here material facts as found by the referee or admitted by the parties on the trial are, in substance, these: On February 25, 1892, John F. Rosenwald and J. J. Little were the owners in fee of the one hundred sixty acres of land here in question, and on that day they entered into a written contract with John Albrecht, the defendant's husband, whereby they sold and agreed to convey to him the land upon being paid therefor the sum of $1,920 in instalments, which, with all taxes on the land, he agreed to pay as they became due. It was further agreed between the parties that, if he made default in such payments, or any part thereof, the con-

tract should be void at the election of the vendors, and that he should, on their demand, surrender possession of the land. The land at this time was vacant, and there were no improvements thereon. On the day named, the vendee, with his family, entered into possession of the land, and they have since resided thereon. His residence, barn, and other buildings are on the south half of the quarter section, and have been ever since he and his family entered into possession of the land.

On November 17, 1897, there was due and unpaid on the purchase price of the land to the vendors the sum of $1,896.68, and they then cancelled the contract to convey the land with the consent of the vendee, and in place thereof executed a contract to his wife to convey the land to her upon being paid the balance of the purchase price. She paid no consideration for the contract to her, but the consideration therefor was the payments which her husband had previously made on his contract for the land. On December 22, 1899, the vendors conveyed the land by warranty deed to the defendant, which was duly recorded. The balance of the purchase price then due was $2,000, which was secured by two mortgages on the land. There has been paid on the mortgages four or five hundred dollars; the exact amount, or by whom paid, the evidence fails to show.

At the time the contract for the land was made to the defendant, the whole land was of the value of $2,500, and no more. The north half thereof was then of no greater value than $1,200. The value of the whole of the land, when the deed was made to the defendant, was $2,600. When the contract of John Albrecht was cancelled, and a contract for the land made to the defendant, he was insolvent. His debts aggregated some $1,000, and have never been paid. On January 24, 1900, he was, upon his own petition, adjudged a bankrupt. The plaintiff is the duly appointed and qualified trustee of his estate.

Do these facts justify the referee's conclusion of law? The answer to this question depends upon whether the south half of the land was the homestead of the debtor, Albrecht, at the time his contract for the land was cancelled and a new one given to the defendant; and, if so, whether the respective rights of the debtor

and his creditors with reference to the land were the same as they would have been if the land had been actually conveyed to him, and he had given a mortgage thereon to secure the balance of the purchase price. A homestead may be claimed in land of which a party is in possession under a contract of purchase, or under any other equitable title, as well as if it were a legal title. Wilder v. Haughey, 21 Minn. 101; Kaser v. Haas, 27 Minn. 406, 7 N. W. 824; In re Emerson's Homestead, 58 Minn. 450, 60 N. W. 23. It follows that at the time the interest of the defendant's husband in the land was transferred to her the south half of it was his homestead, as to which there could be no fraudulent transfer as to the husband's creditors, for they had no legal claim upon it. Morrison v. Abbott, 27 Minn. 116, 6 N. W. 455; Horton v. Kelly, 40 Minn. 193, 41 N. W. 1031.

The plaintiff, however, claims that the facts of this case bring it within the rule laid down in Rogers v. McCauley, 22 Minn. 384, to the effect that, where the husband pays the purchase price for land, and it is conveyed, at his request, to his wife, presumptively a resulting trust attaches to the land in favor of his creditors at the time, which is not defeated by the fact that the purchase was made and the title vested in the wife for the purpose of making the land the homestead of the family, and that after the purchase he placed a house thereon, and always thereafter resided with his family upon it.

The case relied upon has no application to the facts of the case under consideration, for in that case the trust in favor of creditors attached immediately upon the conveyance of the land to the wife, and at a time when neither the husband nor his wife had any homestead rights in the land, and she took it subject to the trust. But in this case the homestead rights attached more than five years before the transfer of the husband's interest in the land to his wife. The eighty acres of land which was the homestead passed to the defendant free from any claims of her husband's creditors. As to the other eighty acres the transfer was fraudulent as to such creditors, unless it was an act which could not legally defraud them by delaying or preventing the collection of their claims; but, if such were the character of the act, the trans-

fer was not fraudulent. Baldwin v. Rogers, 28 Minn. 544, 11 N. W. 77; Horton v. Kelly, supra.

The undisputed facts in this case show beyond controversy that the value of the nonexempt eighty acres was materially less than the amount of the vendor's lien for the unpaid purchase price at the time the contract was made to the defendant, and also when the land was deeded to her. Now, if the debtor, as between himself and his creditors, had the equitable right to have the nonexempt part of his land first applied to the payment of the lien for the unpaid purchase price upon it and his homestead, precisely as if the land had been deeded to him and a purchase-price mortgage given back (see McArthur v. Martin, 23 Minn. 74, and Horton v. Kelly, supra), the case would fall within the doctrine of Baldwin v. Rogers, supra.

But the defendant claims that the rule only applies to cases where the relation of mortgagor and mortgagee actually and formally exists; that, where the debtor has only an equitable title to his homestead by virtue of a contract of purchase, the vendor holding the legal title to secure the payment of the purchase price, the rule cannot apply, for in such case the creditor has the right to levy on the unexempt part of the land, and compel the homestead claimant to contribute his pro rata share of the amount necessary to pay the balance of the purchase price due. This claim, in its last analysis, is to the effect that equity will protect the homestead right where the legal title is in the debtor, subject to a mortgage lien for the purchase price, by first applying the nonexempt part of his land to the payment of the lien; but, if he has only an equitable title, and the legal title is held by the vendor to secure a lien for the purchase price, equity will not so protect his homestead rights. And yet the protection of the homestead in the latter case is quite as much within the spirit and policy of the homestead law as the former, for, as happily expressed by Justice CORNELL, "the law originated in the wise and humane policy of securing to the citizen, against all the misfortunes and uncertainties of life, the benefits of a home, not in the interest of himself, or, if a married man, of himself and family alone, but likewise in the interest of the state, whose welfare and

prosperity so largely depend upon the growth and cultivation among its citizens of feelings of personal independence, together with love of country and kindred-sentiments that find their deepest root and best nourishment where the home life is spent and enjoyed." Ferguson v. Kumler, 27 Minn. 156, 159, 6 N. W. 619.

Equity looks to the essential nature of a transaction, and disregards the forms in which it is cast. And we hold that the respective rights of the debtor and his creditors with reference to the land transferred to the defendant in this case were essentially the same as they would have been if the land had been deeded to him, and he had given a mortgage to secure the unpaid purchase price. It follows that this case falls within the rule of Baldwin v. Rogers, supra, and that the conclusions of law of the referee were not justified by the facts of the case, and that the court rightly granted a new trial.

Order affirmed.