VICTOR M. WATKINS and Another v. CHARLES H. BIGELOW and Others.[1]

December 2, 1904.

Nos. 14,051—(94).

**Will—Bankruptcy of Legatee.**

> Certain provisions of the will of W., set out in the opinion, construed, and *held* that they gave to M. a legacy of $10,000, payable only upon the happening of any one of three contingencies; that, upon the death of the testator, M.'s interest in the legacy vested; and that it might thereafter have been transferred or levied upon and sold under judicial process against him; hence, upon his being adjudged a bankrupt, his interest vested in his trustee in bankruptcy.

Appeal by defendant Robert H. Merriam from a judgment of the district court for Ramsey county entered pursuant to the findings and order of Bunn, J., by which the will of Amherst H. Wilder was construed and plaintiffs, as surviving trustees thereunder, were directed to pay the sum of $10,000 and interest, being the amount of a legacy bequeathed to defendant Merriam, to defendant Corcoran Thom, his trustee in bankruptcy. Affirmed.

*C. E. & J. C. Otis* and *How, Taylor & Mitchell,* for appellant.

The determination of the question as to whether the legacy of ten thousand dollars, provided by the will of the testator to be paid to Robert H. Merriam, should be paid at this time to Robert H. Merriam, or to Corcoran Thom, his trustee in bankruptcy, depends exactly, it appears, upon the question whether or not the right to this legacy vested contingently in Robert H. Merriam at the time of the death of

[1] Reported in 101 N. W. 497.

the testator, or vested only at the time of the death of Fanny S. Wilder, the widow of the testator. There can be no question but that the language used in the fourteenth subdivision of the will is that of present gift; and if the condition of fact upon which the fourteenth subdivision of the will was predicated had existed at the time of the death of the testator, the gift to this appellant would have been an immediate present gift which would have vested at the time of the death of the testator. But it is clear that this appellant derived no benefit under the will from the fourteenth subdivision. The gift provided in that subdivision was made only in the event that the condition of fact therein recited should exist, that is to say, that the testator and his wife and daughter should die in common disaster, in which the testator should survive his wife and daughter, and the daughter should die childless. The benefit to this appellant under this will receives its entire vitality from the provision in the tenth subdivision of the will. The whole question, of course, is of the intention of the testator, and this intention must be ascertained from every part of the will which can throw any light upon the subject. ·

The most casual reading of the will discloses that in the events recited in the fourteenth subdivision of the will a gift is intended to be made to take effect immediately from the death of the testator; but that in the tenth subdivision of the will a provision is intended to be made that in case of a contingency which may not happen at all, and may not happen until some definite time in the future, if it does happen, a gift shall then be made. In other words, there is plainly a distinction between a present gift in the events recited in the fourteenth subdivision and a future gift in the events recited in the ninth and tenth subdivisions which is not to be made at all unless those events shall happen. If the testator had intended a present immediate gift upon the contingency recited in the ninth and tenth subdivisions, he would have used the same language as that used in the fourteenth subdivision. The fact that he did not use the same language, but quite different language, ought to be potent in determining that his intention was different. Leake v. Robinson, 2 Mer. 363; Locke v. Lamb, L. R. 4 'Eq. Cas. 375; Warner v. Durant, 76 N. Y. 133; Smith v. Edwards, 88 N. Y. 104; Geisse v. Bunce, 23 App. Div. 289.

The application of this principle is much strengthened by the fact

that the gift directed to be made to Merriam was directed to be made in money. By the terms of the trust to the executor-trustees they were required to keep the trust fund invested in first-class securities, and to pay the income thereof to the daughter during her life, and then to the wife during her life. Upon the death of the survivor the executor-trustees were directed to pay a sum of money to Robert H. Merriam. This required the exercise of a power by the trustees in the conversion of securities into money, and until the exercise of that power the very substance of the gift was not in existence. Moreover the power could not have been exercised unless in the event of the death of the daughter childless and not until that event. Delaney v. McCormack, 88 N. Y. 183; In re Baer, 147 N. Y. 348.

*Morphy, Ewing & Bradford,* for respondent Corcoran Thom.

There is only one question for this court to pass upon on this appeal, and that is, broadly speaking, did the appellant Robert H. Merriam at the date he was adjudged a bankrupt, December 15, 1898, have such an interest in the legacy in question which at the time of the filing of his petition in bankruptcy, he could by any means have transferred, or which might have been levied upon and sold under judicial process against him? An estate created by will must be held to vest immediately on the death of the testator, unless the intention to make it contingent only, clearly and unequivocally appears. Scofield v. Olcott, 120 Ill. 371; McCartney v. Osburn, 118 Ill. 403; Huber v. Donoghue, 49 N. J. Eq. 125; Ingraham v. Ingraham, 169 Ill. 432. It is not the uncertainty of enjoyment in the future, but the uncertainty of the right of enjoyment, which makes the difference between a vested and a contingent interest. 4 Kent, Com. *206; Kennard v. Kennard, 63 N. H. 303; Brown v. Brown, 44 N. H. 281; Felton v. Sawyer, 41 N. H. 202; Brookhouse v. Pray, 92 Minn. 448. Independent of the statutory enactments which place expectant estates and estates in possession on the same footing regarding alienation (G. S. 1894, §§ 4368–4371, 4374, 4396, 4402) it is a general rule in the construction of wills that in all doubtful cases, the interest if possible shall be construed to be vested rather than contingent. McArthur v. Scott, 113 U. S. 340.

The interest of Robert H. Merriam in the legacy was upon the death of Amherst H. Wilder such an interest as he could have trans-

ferred, and that being the case the bankruptcy act steps in and seizes that interest for the creditors of the bankrupt; and it was to fit just such cases as the one at bar that section 70 of the bankruptcy act was passed. Lawrence v. Bayard, 7 Paige, Ch. 70; Moore v. Littel, 41 N. Y. 66; Ham v. Van Orden, 84 N. Y. 257; Griffin v. Shepard, 124 N. Y. 70; Bryan v. Kennett, 113 U. S. 179; In re St. John, 105 Fed. 234; In re Twaddell, 110 Fed. 145.

START, C. J.

The surviving trustees appointed and acting under the will of Amherst H. Wilder, deceased, brought this action in the district court of the county of Ramsey to secure a construction of the will, and directions in the premises. See Watkins v. Bigelow, supra, page 210. Judgment was entered in the district court construing the will, whereby it was adjudged, with other matters, that such trustees pay to the defendant Corcoran Thom, as trustee in bankruptcy of the defendant Robert H. Merriam, the sum of $10,000, and interest, the amount of a legacy to the defendant Merriam. From this part of the judgment the defendant Merriam appealed, and the question to be here determined is whether the legacy of $10,000 should be paid to him personally, or to his trustee in bankruptcy for the benefit of his creditors. It is conceded that one or the other of them is entitled to the gift.

The testator died November 10, 1894. He left, him surviving, his widow, Fanny S. Wilder, and his daughter, Cornelia Day Wilder, who subsequently became the wife of the defendant Dr. Appleby, and died always childless January 20, 1903. Mrs. Wilder died April 5, 1903. After the death of the testator, but before the death of either his widow or daughter, and on December 15, 1898, the defendant Robert H. Merriam was duly adjudged a bankrupt, and the defendant Corcoran Thom was duly appointed trustee of his estate in bankruptcy, and is still acting as such. The bankrupt received his discharge on October 1, 1899.

Now, if Robert H. Merriam had at the date of his adjudication in bankruptcy any title, contingent or otherwise, to the legacy in question, which he might then by any means have transferred, or which might then have been levied upon and sold under judicial process against him, his right to the legacy vested in his trustee in bankruptcy,

and the judgment must be affirmed. National Bankruptcy Act July 1, 1898, c. 541, § 70a, 30 St. 565 [U. S. Comp. St. 1901, 3451]. Whether the bankrupt had any such title to the legacy at any time before the death of the daughter and widow of the testator depends upon the intention of the testator, which must be gathered from the language of his will, and the whole thereof. Yates v. Shern, 84 Minn. 161, 86 N. W. 1004.

The eighth, ninth, tenth, fourteenth, fifteenth and sixteenth subdivisions of the will, when read and considered together, indicate quite clearly the testator's intention. The fourteenth and fifteenth subdivisions provide, in substance, in the event of the testator, his wife and daughter, being involved in some common disaster, whether at sea or otherwise, resulting in the death of all of them, in which accident he shall survive both of the others, and in which his daughter shall die childless, that practically the whole of his estate shall, after the payment of certain specific legacies made in the fourteenth subdivision, go to the Amherst H. Wilder Charity, according to the provisions of the fifteenth subdivision of the will. The fourteenth subdivision thereof gives, with others, the following legacy:

> In the event aforesaid [that is, the death of the whole family in a common disaster], I give and bequeath unto my nephews, John W. Merriam and Robert H. Merriam, the two sons of my said sister Helen M. Merriam, the sum of ten thousand dollars to each of them.

The sixteenth subdivision of the will is in these words:

> I again repeat that the whole of the fourteenth and fifteenth subdivisions of this will shall be void if either my said wife or my said child or any lawful issue of my said child shall survive me.

The eighth subdivision, so far as here material, is this:

> When and as soon as my said child, Cornelia Day, shall attain the age of twenty-eight years the said trustees [the executors named in the will] shall divide the whole of the said rest and residue of my real estate and personal property then re-

maining in their hands into two equal shares    *   *   *    and
one share thereof they shall convey and deliver in fee to her to
have and hold the same unto her, her heirs and assigns forever.

The tenth subdivision provides, in effect, that, in the event of the
death of the testator's daughter before she attains the age of twenty
eight years (the time fixed for the delivery to her of one-half of the
residue), without lawful issue, the trustees shall pay the income of the
whole of the residue to his widow for her life, and upon her death they
shall pay and convey such residue to the other trustees named in the
fifteenth subdivision of the will, to have and to hold the same unto
such trustees, their successors and assigns, for the particular uses, pur-
poses, and trusts particularly set forth in the fifteenth subdivision of
the will.   The ninth subdivision of the will provides, substantially, that
the other share or half of the residue of the estate remaining in the
hands of the trustees after the daughter of the testator shall have re-
ceived her distributive share, as provided in subdivision eighth of the
will, shall remain in their hands during the life of his daughter, the
income therefrom to be paid to her, and, in the event of her death
without lawful issue, such income shall then be paid to his wife, if
living, and upon her death the trustees shall pay, convey, and deliver
such other share to certain other trustees named in the fifteenth subdi-
vision of the will, to have and to hold the same for the particular uses,
purposes, and trusts set forth in such fifteenth subdivision (that is, to
the trustees of the Amherst H. Wilder charity, and for its uses and
purposes).   The tenth subdivision closes with this provision:

> Provided always: that before the said Trustees, William R.
> Merriam, Charles H. Bigelow, Edwin W. Winter, William B.
> Dean, Victor M. Watkins, J. W. Bishop and Harvey Officer,
> named in said fifteenth subdivision of my will, or their succes-
> sors, shall be entitled to any part of said rest and residue in the
> events recited in the foregoing ninth and tenth subdivisions of
> my will, my said Executors shall first pay in full all the specific
> devises, legacies and bequests, and provide for all the specific
> trusts contained in the foregoing Second subdivision of my will,
> as well as all the specific devises, legacies and trusts contained
> in the fourteenth subdivision of my will hereinafter contained.

Several absolute legacies were made by the second subdivision of the will.

The contention of counsel for the appellant is to the effect that a present gift was made to him by the fourteenth subdivision of the will in the event only that the testator, his wife and daughter, should die in a common disaster, as provided in that subdivision; that the event did not occur, and hence the provisions of that subdivision are to be re- garded in the solution of the question as to the character of the gift to the appellant, as if never made, for such. gift receives its entire vitality from the proviso of the tenth subdivision, which simply directs the executor-trustees to pay or make a gift in the future to the ap- pellant, referring to the fourteenth subdivision for the purpose only of ascertaining the amount thereof, upon the contingency of the death of the daughter childless, and at the time of the death of the widow, if she should survive her daughter; that the event upon which the gift was to be made did not occur until after the adjudication in bank- ruptcy; and further that the power to the executor-trustees to make the gift had not then become operative, and therefore no right to the gift was vested in the appellant at that time, and no interest under the will passed to his trustee in bankruptcy.

If this is a correct construction of the will, the conclusion of counsel. would seem to follow, and the authorities relied upon by them would be in point. We are, however, unable to adopt this construction. When the several subdivisions of the will are read in their logical or- der, and nothing is read into the will or out of it by construction, the intention of the testator seems to be quite clear. He intended to, and did, give to the appellant a legacy of $10,000, payable only upon the happening of any one of three contingencies. The first was the death of the testator, his wife and daughter, in a common disaster, as stated in the fourteenth subdivision of the will. The second was the death of his daughter without issue before she was twenty eight years of age; that is, before she received her distributive share of the estate, as set forth in the tenth subdivision. The third was the death of his daugh- ter without issue after she received her distributive share, as recited in the ninth subdivision. If the first one had occurred, the other two would have been impossible. If the second had happened, the third could not. The last one did occur, and the legacy to the appellant be-

came payable by virtue of the proviso to the tenth subdivision of the will. This proviso does not direct the executor-trustees, before transferring the residue of the estate to the trustees of the charity, to give or make a gift to the appellant of $10,000, or an amount equivalent to the contingent legacy made to him in the fourteenth subdivision, but it directs them to pay all legacies contained in the second and fourteenth subdivisions of the will. This reference to such legacies, and direction to pay them upon the contingency named, was an express recognition of them—as much so as if they had been unnecessarily repeated in the proviso. It is important to note in this connection that the same language is used in this proviso as to the legacies made by the second subdivision, which are payable absolutely, as is used with reference to those contained in the fourteenth subdivision.

We accordingly hold that the will in question gave to the appellant, Robert H. Merriam, a legacy of $10,000, payable only upon the happening of any one of three contingencies, and that upon the death of the testator his interest in the legacies vested, and, further, that his interest in the legacy might thereafter have been transferred or levied upon and sold under judicial process against him. Fryberger v. Berven, 88 Minn. 311, 92 N. W. 1125.

It follows that the interest of the appellant in the legacy passed to the respondent, as trustee in bankruptcy, upon his appointment and qualification, and that the trial court correctly directed the legacy to be paid to him.

Judgment affirmed.