## JOHN W. COCHRAN

### *vs.*

## J. M. TOHER, et al.

In an action for false imprisonment, when the character of the plaintiff is not put in issue by the pleadings, it is not competent for the plaintiff, as testimony in chief, to introduce evidence of his good character.

Evidence of threats to release the plaintiff by force, made to the officer by a brother of the plaintiff, immediately after the arrest of the latter is competent testimony for the defendant, as tending to justify the officer in putting the plaintiff in irons immediately after the threats.

The question of reasonable cause, and reasonable time, may be a question of law, or of fact, depending upon the circumstances of the particular case.

Where from the evidence, it appears that no finding of specific facts could be made by the jury, from which under any rule of law the court could pronounce the conclusion as a legal inference, that they did or did not constitute probable cause, it is for the jury to find as a conclusion of fact, whether there was probable cause, and in such case it is proper for the court to submit the question as a fact to the jury.

When a person is arrested by an officer without a warrant, on suspicion of having committed a felony, and is detained in the custody of such

officer for five days, and released without having been taken before a magistrate, there being nothing to prevent the officer from taking the prisoner before a magistrate immediately upon the arrest, the question whether the time of detention is reasonable, is a question of law, and it is error to submit it to the jury as a question of fact.

The detention in such case is as a matter of law unreasonable.

This action was commenced in the district court for Rice county, the plaintiff alleging, that on the 13th day of July, 1867, the defendants (J. M. Toher and David Barker) assaulted him, and imprisoned him in a hotel, occupied by one of the defendants, for the period of five days, and put him in irons, and kept him chained during said period, by means whereof the plaintiff was greatly injured, &c.

The defendants answered, averring that they were respectively sheriff and deputy sheriff of said county; that they were informed that a felony had been committed in the county of McHenry, Illinois, to wit: the larceny of a certain horse or horses, and that the person committing said felony had just escaped from the jail of said county; that the defendants relying upon information given them by the sheriff of said county of McHenry, and other persons, suspected, and had reason to suspect that the plaintiff was the person who committed said felony, and escaped from the jail of said county; that thereupon, believing such information to be true, and acting thereon, as was their duty to do, they arrested said plaintiff, and notified said sheriff of McHenry county, and held the plaintiff to await the requisition of the Governor of the State of Illinois; and they denied each and every other allegation of the complaint.

On the trial the plaintiff, among other things, offered evidence of his good character, as testimony in chief, which was excluded by the court, on objection, and the plaintiff excepted. The plaintiff also excepted to the ruling of the

court in receiving certain testimony introduced by defend-
ants, showing, that on the evening of the arrest plaintiff's
brother threatened to take the plaintiff away from defendants.
It appeared that irons were not put on the plaintiff until after
this threat. Exception was taken by the plaintiff to the
charge of the court and its refusals to charge, which appear
in the opinion of the court. The jury before whom the
cause was tried found a verdict for the defendant. The
plaintiff made a motion for a new trial, which was denied,
and judgment entered on the verdict. The plaintiff appeals
to this court.

GORDON E. COLE for Appellant.

W. R. KINYON and AMOS COGSWELL for Respondents.

*By the Court.*—McMILLAN, J.—This is an action for false
imprisonment. The defence set up in the answer by the
defendants is, that they were informed that a felony had
been committed in the county of McHenry, and state of
Illinois, to-wit: the larceny of a certain horse or horses,
and that the person so committing said felony had just prior
to the time mentioned in the complaint (13th of July, 1867,
the time of the plaintiff's arrest) escaped from the jail of
said county; that the defendants relying upon the informa-
tion given them by the sheriff of said county of McHenry,
and other persons, suspected, and had reason to suspect,
that the plaintiff was the identical person who committed
said felony, and who escaped from the jail of said county;
that thereupon, believing such information to be true, and
acting thereon as was their duty to do, defendants arrested
said plaintiff, and notified the said sheriff of McHenry
county, and held the plaintiff to await the requisition of

the Governor of said state of Illinois; and the defendants deny each and every allegation in the complaint.

Upon the trial of the cause, the plaintiff offered as testimony in chief, evidence of his good character, which was objected to by the defendants, and rejected by the court.

The evidence was properly excluded. The plaintiff's character was not put in issue by the pleadings, and no attempt was made to impeach it on the trial. Under these circumstances, until attacked, the plaintiff must rely upon the general legal presumption of good character. *Gregory vs. Thomas*, 2 *Bibb*, 286; 2 *Stark. Ev.*, *pt.* 1, *p.* 303, *N. B.* 306, *N.* 1; 2 *Greenl. Ev.*, *Sec.* 458; 1 *Hilliard on Torts*, 402. The evidence by the defendants of threats made to the officer by the brother of the plaintiff after his arrest, was admissible for the purpose of justifying the defendants in putting the plaintiff in irons.

The important questions in the case arise upon certain instructions given by the court to the jury, and the refusal of the court to instruct in accordance with certain requests submitted by the plaintiff.

The court charged the jury orally, " that the question whether the plaintiff was kept an unreasonable time without taking him before a magistrate, or whether the defendants had reasonable cause for making the arrest, were questions for the jury to determine; the question as to what was reasonable time, or reasonable cause, being in either case a question of fact for the jury, but that if the defendants without any necessity put the plaintiff in irons, they would be liable; and the question as to whether such necessity existed, was for the jury."

The court also refused to charge, " That detaining a person by an officer without a warrant under arrest for five days, without taking him before a magistrate, a magistrate

being accessible, and there being nothing to prevent his being taken at once before a magistrate, is detaining such person an unreasonable time, and renders the defendants liable." It is a familiar rule, that all questions of law are to be determined by the court, and questions of fact are within the exclusive province of the jury. Ordinarily there is but little difficulty in ascertaining what questions are for the court, and what for the jury; but there are cases in which it is somewhat difficult to determine whether the conclusion is one of fact or of law. This difficulty frequently arises, when the inquiry is as to questions of reasonable time, reasonable cause, due diligence, probable cause, and others of a like character. Abstractly, these are questions of law, just as the terms larceny, robbery, and assault and battery are, for " it is a question of legal judgment and discretion, to pronounce whether the facts, as found by a jury, do or do not satisfy the legal expression." But the latter terms, and others of the same class, are absolutely defined and determined in the law by general rules applicable to all cases; so that upon the finding by the jury of the specific facts in each particular case, the law draws the conclusion that they do or do not constitute the particular offense charged. In all such cases, therefore, it is for the court to determine as a question of law, the sufficiency or insufficiency of the facts to constitute the offense; so, in some cases, the law determines what shall or shall not be reasonable time, or cause, and the like. As in the case of a bill of exchange, where the law requires notice of dishonor to be given within a reasonable time, if it appears on the facts proved in evidence, that the case is one falling within a rule by which the law itself prescribes and defines what shall be considered to be reasonable time, the question is a mere question of law, for the law itself, from the mere *res*

*gestae,* makes the inference that the time was reasonable. 1 *Stark. Ev.,* 516. But in other instances questions of this character depend on such an infinite variety of circumstances, that by reason of the impracticability of prescribing any general rule applicable to the facts of each particular case, the inference in law follows the inference in fact, and in such cases, the time will be reasonable, or the cause probable in point of law, according as the one or the other is reasonable or probable in point of fact. " Hence it follows that the test for deciding whether such general inference as to reasonable time, probable cause, &c., be one of law or of fact is this ; if the court in the particular case can draw the conclusion by the application of any legal rules or principles, the conclusion is a legal one. \* \* \* But if, on the other hand, the circumstances be so numerous and complicated as to exclude the application of any general principle, or definite rule of law, the further inference is necessarily one of mere fact, to be made by the jury. In other words, the rules of ordinary practice and convenience, become the legal measure and standard of right." 1 *Stark. Ev.,* 514, 516, *n. i.* 517.

Applying this rule to the case at bar, we find as to the question whether the defendants had reasonable cause to believe that a felony had been committed, and that the plaintiff had committed it, depends upon whether certain representations were made to them by the person representing himself as a sheriff in Wisconsin ; whether they had reason to believe that this person was such officer, and that such representations were true ; whether the communication from the sheriff of McHenry county, Illinois, was received by the defendants, conveying information of the escape of prisoners from the jail in that place ; whether the description of one of the escaped prisoners contained in the hand-

bill answered to the plaintiff; whether the photograph of the escaped prisoner bore such a resemblance to the plaintiff as would reasonably induce the belief that the latter was such prisoner, and a great variety of other circumstances, to which we need not advert. The inquiry in this case is not as to whether a felony was actually committed in Illinois, and that the plaintiff actually committed it, and escaped from the jail in that State, but whether the defendants had reasonable ground to believe that such were facts. The law does not and could not prescribe a definite rule as to what particular facts shall constitute this reasonable ground of belief; the only rule which it can or does prescribe, is that the facts in each case must be such as would reasonably produce such belief in the minds of ordinary men ; but in such case it is for the jury to say, not only what specific facts are established, but to determine their effect as a fact within the rule mentioned ; and only upon such finding, does the law pronounce its conclusion.

It is manifest therefore in this case, that no finding of specific facts could be made by the jury, not embracing a conclusion as to the reasonable effect of the same in fact, from which, under any rule of law, the court could pronounce the conclusion as a legal inference, that they did or did not constitute reasonable cause. It was therefore for the jury to find as a conclusion of fact, whether there was probable cause, and the law follows this finding. It was therefore proper for the court to submit this question of fact to the jury, and this was in effect what was done in this instance. *Davis vs. Russel and others*, (5 *Bing*. 534) ; 15 *Eng. C. L.*, 463 ; *Beckwith vs. Philby and others*, (6 *B. & C.* 634) ; 13 *Eng. C. L.*, 287 ; 2 *Greenl. Ev.*, § 454 ; 1 *Ib.*, § 49, *n*. 1.

It would be proper in all such cases for the court to in-

struct the jury to the effect, that they must draw their con-
clusion, not according to mere caprice or arbitrary opinion,
but in the exercise of a sound judgment, and upon com-
parison of the facts with the ordinary rules of fair and hon-
est conduct, and it does not appear that that was not done
in this case.

But we have seen that whether the question of reasonable
time, &c., is one of fact for the jury, or of law for the
court, must depend upon the circumstances of each particu-
lar case. We are now to inquire whether, in this case, the
court erred in charging the jury that it was for the jury to
determine whether the time the plaintiff was detained in
custody, was reasonable or not ?

The plaintiff was arrested without warrant by the defend-
ants, who were peace officers, as a fugitive from justice, on
suspicion of having committed a felony in the State of Illi-
nois, and having escaped from a jail in that State. No re-
quisition was made by the Governor of Illinois upon the
executive of this State. *Sec. 3 of ch.* 103 *of the Gen. Stats.*
provides as follows : " Whenever any person is found with-
in this State charged with any offense committed in any
State or Territory, and liable by the constitution and laws of
the United States to be delivered over upon the demand of
the executive of such State or Territory, any court or mag-
istrate, authorized to issue warrants in criminal cases, may,
upon complaint under oath, setting forth the offence, and
such other matters as are necessary to bring the case within
the provisions of law, issue a warrant to bring the person so
charged before the same, or some other court, or magistrate
within the county where such person is found." *Sections* 4
*and* 5 of the same chapter prescribe the mode of proceed-
ing in such case before the magistrate. Passing the ques-
tion of arrest, it was clearly the duty of the officers to take

Cochran v. Toher et al.

the plaintiff, within a reasonable time, before a court or magistrate, authorized by the sections quoted and referred to, to take jurisdiction and proceed under the statute, and whatever may have been the fact, the presumption of law is that the defendants knew their duty. The facts in the case, undisputed and shown by the testimony of the defendants themselves, are, that the plaintiff, after his arrest, was detained by the defendants in their custody for five days, not taken before a magistrate, although there was nothing to prevent their doing so, and at the end of that time released from the custody of the defendants. Whether in some cases the reasonableness of the time of detention may not be a question of fact for the jury, we need not now consider. Upon the facts presented in this case, the time of detention was clearly unreasonable, and the court should so have instructed the jury, as matter of law. *Wright vs. Court et al.* (4 *Barn. & Cress.*, 596); 10 *Eng. C. L.*, 718.

We think the court erred in charging the jury, that whether the plaintiff was kept an unreasonable time without taking him before a magistrate, and what was reasonable time, were questions of fact for the jury to determine; and in refusing to charge on this point, as requested by the plaintiff.

The necessity for placing the defendant in irons was a question for the jury, and they were to consider, in determining that question, the threatening language used by the brother of the plaintiff, that there was no prison in which to confine the defendant, and that the irons were not placed upon him until after the threatening language referred to was used, together with other surrounding circumstances, and we see no reason for disturbing the verdict upon this ground.

These are the material questions presented in this case. For the error indicated, a new trial must be granted.

The judgment and order denying the motion for a new trial, are reversed.