DAVID T. CALHOUN and Another v. H. C. AKELEY.[1]

February 6, 1901.

Nos. 12,426—(225).

### Attorney—Value of Professional Services—Charge to Jury.

In an action to recover for legal services rendered by plaintiffs to defendant in preparing for trial and trying a lawsuit, it appeared that plaintiffs and R., another attorney, having another case of the same general character, and arising out of the same transaction, agreed that there should be an exchange of services, plaintiffs to assist R. in his case, and he to assist them in the one in which this defendant was their client. This agreement was communicated to defendant, and he acquiesced in it, was present at the trial, knew that R. aided in preparing his case for trial and in trying it, and consulted with him in reference thereto. *Held*, under these circumstances, that the court below did not err when it charged the jury that in determining the value of plaintiffs' services they would have a right to take into consideration the services rendered by R.

[1] Reported in 85 N. W. 170.

**Bill of Particulars—Evidence of Total Value.**

> *Held* that, notwithstanding the bill of particulars furnished by plaintiffs, upon demand, to defendant, it was not error to allow practicing attorneys, properly informed as to the details of the suit in question, to give their opinions as to the total value of the services rendered.

Action in the district court for Hennepin county to recover for legal services. The case was tried before McGee, J., and a jury, which rendered a verdict in favor of plaintiffs. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*James A. Kellogg* and *John M. Rees*, for appellant.

*Russell, Cray & Jamison*, for respondents.

COLLINS, J.

The plaintiffs sued the defendant for legal services performed in what was known as the "Akeley case," alleging the total value thereof at $4,750, and for money disbursed in connection therewith, payment of $900 on account being admitted. The plaintiffs, upon demand, furnished a bill of particulars, and therein itemized their account, giving days and dates upon which services were rendered, commencing with March 20, 1896, and ending with July 12, 1898. About one hundred days' services were claimed to have been rendered, and it may possibly be inferred that the charge for each day was intended to be fixed at $50. Expenses and disbursements were also itemized. The bill further stated the total amount due for services, which was considerably more than that demanded in the summons and complaint, and other totals, together with a statement that the amount claimed in the summons was what plaintiffs offered to accept in full settlement on a certain day prior to the commencement of the action. The verdict was for plaintiffs in a substantial amount, and the appeal is from an order denying defendant's motion for a new trial.

There are really but two questions for discussion,—one arising out of an exception to a portion of the charge to the jury based upon certain testimony admitted under objection, and the other arising from certain rulings made by the trial court upon the reception of expert testimony as to the value of the services.

1. The most serious of the two arises out of a ruling of the court whereby testimony was admitted tending to show that another

attorney assisted in the trial of this case with defendant's knowledge and implied consent, and a part of the charge based upon this testimony.

It appears that this other attorney, Mr. Reynolds, had previously tried another action, known as the "Powell case," involving many of the facts upon which this was based, both suits having grown out of the failure of N. P. Clarke & Co. These two actions (Kells, as Receiver, v. Powell, and Kells, as receiver, v. Akeley,— this defendant) were instituted about the same time, and were to be tried in the same county. Mr. Reynolds was employed by the defendant, Powell, in the one case, while the plaintiffs were employed by Mr. Akeley to defend the other. Having common interests in very important litigation, it was agreed between these attorneys, before the trial of the Powell case, that the plaintiffs should assist Mr. Reynolds in the trial of that case, and as compensation and in return for their services, Mr. Reynolds should assist them in the trial of the Akeley case. This agreement was carried out as to the Powell case, which was first tried, the plaintiffs aiding Mr. Reynolds, and before the trial of the Akeley case the arrangement was communicated to defendant, and he made no objection. Mr. Reynolds assisted in preparing the case for trial, and also at the trial, the defendant being present, and at times consulting with him. Akeley was informed that he would simply have to pay the plaintiffs for their services, but when told of the agreement he was fully informed as to the manner in which Mr. Reynolds had been compensated for the services he was then rendering.

In his charge the court instructed the jury that they should determine what plaintiffs' services were reasonably worth as rendered in this case, without regard to the number of lawyers engaged, and also that in fixing the value of such services they would have a right to take into consideration the services rendered by Mr. Reynolds; that is, they could take into consideration the time he devoted and the skill he brought into the trial of the case in determining the reasonable value of the services performed by the plaintiffs, provided the services rendered by Mr. Reynolds were with the knowledge and acquiescence of defendant. It is

this part of the charge which is challenged by defendant's counsel. It is very clear from the testimony, and it stands admitted, that Mr. Reynolds could not recover of the defendant for these services. Although the defendant consented to their being performed, it was with the distinct understanding and agreement that he was not to pay anything to Reynolds for them.

Taking this proposition as a premise, it is urged by counsel for defendant that, by means of the testimony and the charge upon this point, the defendant has been compelled to pay indirectly for services for which he could not be compelled to pay directly, and that consequently the court has erred. Because defendant could not be compelled to make direct payment to Mr. Reynolds, it does not follow, absolutely, that those services could not. be considered when passing upon plaintiff's claim for compensation. He received the benefit of the services, and he knew ' precisely how and under what arrangement they were being performed. He agreed that, as the plaintiffs had rendered services to Mr. Reynolds in the trial of the Powell case, the arrangement that he should aid in the trial of this case should be carried out. He knew precisely how the plaintiffs had agreed to, and had, compensated Mr. Reynolds for the services he was then rendering. There was no ground upon which he could conclude that Mr. Reynolds' services were not to be taken into consideration when the amount due to plaintiffs on account of the trial of his case should be determined. The defendant may indirectly pay Reynolds for his services in this verdict, when it is clear that he could not be made to pay directly; but, if so, it is because he acquiesced in the arrangement, fully understanding it. And it is obvious that he had no reason to suppose that both plaintiffs, when taking part in the Powell trial, and Reynolds, when aiding these plaintiffs in his case, were doing it gratuitously. He could, if he chose, agree that he would directly compensate Mr. Reynolds, and we are unable to see why he could not agree, as he did, by implication, to indirect compensation through payment to plaintiffs.

The case is not within the well-settled rules as to compensation of attorneys employed by other attorneys to try, or to aid in the trial of, causes, laid down in Weeks, Attys. at Law, §§ 420–422.

The services which were performed by Mr. Reynolds were, in contemplation of law, performed by the plaintiffs, and for them they have a right to recover, under the circumstances of this case.

2. Assuming that this was a case where the defendant was entitled to a bill of particulars, we see no error in the ruling of the court, which was, in effect, that, notwithstanding the bill served, practicing attorneys, upon being called and informed as to the time spent in preparing and trying the Akeley case, the importance thereof, the questions and amount involved (over $150,000), and other matters which advised them as to the skill and labor required to conduct the litigation to a successful termination, might testify as to the value of services as a whole; that is, in their opinion, the total value of such services.

The object of the bill of particulars was to inform the defendant, and also that the court and the professional witnesses might be better able to judge of the value, and better advised as to the nature and extent, of the services. That the bill of particulars was itemized, the number of days specified, and the value per day placed thereon open to inference, was no reason why an attorney at law, advised as to the number of days and the nature of the suit, could not give an opinion as to the total value of such services, especially when the total value was stated as a separate and independent item, as in this instance. The contract was for the conduct of this one lawsuit to an end. This contract had been fully executed, and involved a number of acts, all performed in securing a successful result. The plaintiffs were not required to establish their cause of action by an estimate of the value of each of these several acts performed to accomplish one object. The testimony did not tend to contradict, or to depart from, the bill of particulars; for it was simply one way of proving the value of the services as alleged in the complaint as well as in the bill itself, i. e., the total value of the entire services rendered in the preparation and trial of a single lawsuit. There was no error in receiving the testimony as to the total value of plaintiffs' services.

Order affirmed.