CHARLES S. BLEVINS AND OTHERS v. OLE A. RICE.[1]

July 13, 1917.

Nos. 20,344—(165).

**Attachment — affidavit for writ sufficient.**

> An affidavit for attachment stated as grounds that the debtor "has departed from the state, as affiant verily believes, with intent to defraud or delay his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent." *Held* that the affidavit was not bad as stating two or more separate grounds in the alternative.

Action in the district court for Roseau county against the sheriff of that county to recover property sold to plaintiff on execution sale or to recover $800, its value. From an order, Watts, J., overruling their demurrer to paragraph 3 of the amended answer and certifying the case, plaintiffs appealed. Affirmed.

*E. M. Heimbach* and *Alexander Fosmark,* for appellants.
*Bert Hanson* and *M. J. Hegland,* for respondent.

BUNN, J.

September 16, 1916, plaintiffs commenced an action in the district court for Roseau county against Arno Bender, and at the time filed an affidavit for attachment. A writ was issued on the same day and delivered to the sheriff, who levied upon a stock of goods belonging to Bender. Judgment was thereafter entered in the action, and the property sold on execution sale to plaintiffs on November 14, 1916.

The present action was brought against the defendant sheriff to recover the property so sold to plaintiffs on the execution sale, the complaint alleging that the sheriff refused on demand to surrender possession thereof. The defense was that the property was held under a prior attachment issued in an action brought against Bender by another creditor.

[1]Reported in 163 N. W. 770.

The affidavit upon which this writ issued was filed September 14, 1916; the grounds for attachment were thus stated: "That the said defendant (Arno Bender) had departed from the state, as affiant verily believes, with intent to defraud or delay his creditors, *or* to avoid the service of a summons, *or* keeps himself concealed therein with like intent."

Plaintiffs demurred to this defense. The demurrer was overruled, the court certified that the question presented was important and doubtful, and plaintiffs appeal from the order.

The only serious question is whether the affidavit for attachment above quoted from is good. If it is the attachment issued and levied thereon is prior in time to that of plaintiffs, and the demurrer was rightly overruled.

Counsel for plaintiffs insist that the affidavit was bad because the grounds were stated in the alternative, and rely on Guile v. McNanny, 14 Minn. 391 (520, 521), 109 Am. Dec. 244, as conclusive in their favor. In that case the affidavit stated as the ground of the attachment "that the said defendant has assigned, secreted or disposed of, *or* is about to assign, secrete or dispose of, his property with intent to delay or defraud his creditors." It was held that the affidavit stated several distinct grounds for attachment in the alternative, and was therefore bad. The vice in the affidavit was that it charged that the debtor had done an act, or was about to do it. Mr. Justice McMillan clearly points out that the terms "assigned, secreted or disposed of" are but descriptive of different modes of a fraudulent disposition of property by a debtor, and hence that it is permissible to allege these modes in the alternative, because the creditor, while being able to discover that the debtor had fraudulently disposed of his property, would frequently be in doubt as to whether it had been secreted, or assigned or otherwise disposed of. But because of the essential distinction between having done an act, and being about to do it, it was held that the affidavit stated two separate grounds in the alternative and for that reason was bad. It is pointed out that when there has been an actual disposition of the property, that is a tangible fact which the creditor must know, and that if there has been no such disposition, that must be alike palpable and known to him; that if the act is not done, but intended to be done, the creditor must have a knowledge of sufficient facts to enable him to so state in his affidavit.

We do not think that Guile v. McNanny, supra, is controlling in favor of plaintiffs. On the contrary, the reasoning of Justice McMillan is quite a persuasive argument in favor of the validity of the affidavit in the case at bar. It does not state in the alternative two or more distinct and separate grounds. The debtor had absconded, leaving his creditors in the lurch. The creditors knew that much, and that his act was done with intent to defraud them, but they very likely did not know and could not discover whether the debtor had left the state, or whether he kept himself concealed within its borders. It seems to us that the charges so made in the alternative are but descriptive of different modes of escaping his creditors and avoiding the service of a summons, and not very different at that. The subject is discussed and the cases cited in 6 C. J. § 209, and notes. It is there said: "But two or more phases of the same fact, or different facts of the same nature, which constitute but a single ground for attachment, may be stated disjunctively. So an affidavit is not fatally defective because it states in the alternative different modes of effecting a stated purpose or intent, especially where in so doing it follows the language of the statute." This strikes us as sound law, in line with Guile v. McNanny, supra, and decisive of the present case. The affidavit was good.

Order affirmed.