## THE AMERICAN NATIONAL BANK OF LAKE CRYSTAL v. FRED KLIST.[1]

February 21, 1923.

No. 23,269.

**Affidavit for attachment in the alternative is bad.**

Following Guile v. McNanny, 14 Minn. 391 (520), it is *held* that an affidavit for attachment specifying as the ground thereof "that the said defendant has assigned, secreted or disposed of his property, or is about to do so, with intent to delay or defraud his creditors," states two distinct grounds for attachment in the alternative and is bad for that reason.

Action in the district court for Chippewa county to recover $988.57 on a promissory note. Appellant made affidavit and obtained a writ of attachment. From an order, Comstock, J., denying his motion to vacate the attachment, defendant appealed. Reversed.

*Moonan & Moonan,* for appellant.

*C. A. Johnson,* for respondent.

LEES, C.

This is an appeal from an order denying defendant's motion to vacate an attachment. The affidavit for attachment specified as the ground thereof "that the said defendant has assigned, secreted or disposed of his property, or is about to do so, with intent to delay or defraud his creditors." Defendant contends that the affidavit states two distinct grounds for attachment in the alternative and

[1]Reported in 192 N. W. 190.

that it is bad for that reason. We are of the opinion that the contention must be sustained. It is well settled that if the affidavit alleges in the alternative or disjunctive two or more grounds for attachment, it is not good. It is equally well settled that if it alleges in the alternative or disjunctive two or more phases of the same fact, it is good. The authorities are collected in a note to Johnson v. Emery, 11 Ann. Cas. 23.

The early case of Guile v. McNanny, 14 Minn. 391 (520), was decided in accordance with the first-mentioned rule. The second rule controlled the decision in Blevins v. Rice, 137 Minn. 430, 163 N. W. 770. The authority of Guile v. McNanny has not hitherto been questioned in this state. The case was distinguished upon the facts in Brown v. Minneapolis Lbr. Co. 25 Minn. 461, and was cited in Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 103 Minn. 224, 114 N. W. 1123, 14 L. R. A. (N. S.) 886, in connection with a holding that pleading in the alternative is not permissible under any system of practice. Guile v. McNanny and Blevins v. Rice are complementary cases. In one, the decision turned on the clear distinction between an act done and an act about to be done. In the other, a single act was the basis for the attachment. The intention the debtor had in mind when he acted could not be known save as it might be inferred from his act. For this reason it was held that his intent might be averred in the alternative as different phases of the same fact. It is impossible to distinguish the affidavit in the case at bar from the one before the court in Guile v. McNanny. No valid reason for departing from the rule announced in that case has been suggested and none has occurred to us. We follow it and hold that the affidavit was insufficient, and hence the order denying the motion to vacate the attachment is reversed.