## W. H. PORTER AND ANOTHER v. NICK J. BOEHME.[1]

June 27, 1924.

No. 24,008.

**Affidavit for attachment under subdivision 3 of statute insufficient.**

1. An affidavit for attachment under subdivision 3, section 7846, G. S. 1913, is not sufficient when it says the defendant is "about" to do the things therein specified.

**Affidavit under subdivision 4 bad.**

2. When the affidavit relates to subdivision 4 and states two distinct grounds for attachment, namely, "that the defendant has or is about to dispose of his property with intent to defraud his creditor, the plaintiff," it is bad.

[1] Reported in 199 N. W. 895.

Action in the district court for Hennepin county to recover $262.50. From an order, Buffington, J., vacating a writ of attachment, plaintiffs appealed. Affirmed.

*E. Luther Melin,* for appellants.

*H. Z. Mendow* and *E. J. Culhane,* for respondent.

PER CURIAM.

This is an appeal from an order discharging a writ of attachment because of the insufficiency of the affidavit for attachment. In the effort to state the statutory ground this language is used:

"Affiant further states and so verily believes that the defendant is about to depart from the state to avoid service of the summons herein and to defraud and delay his creditor, the plaintiff; that the defendant has or is about to dispose of his property with intent to defraud his creditor, the plaintiff herein."

It is urged that the first clause, in this language, down to and including "the plaintiff;" is sufficient to comply with subdivision 3 of section 7846, G. S. 1913. There is no merit in this contention. The statutory provision referred to does not authorize the issuance of the writ upon a showing in the affidavit that the debtor is "about" to depart from the state, as stated in this affidavit, but it must state as a fact that "he has departed from the state," etc.

The balance of the affidavit, now before us, as above quoted, states two distinct grounds for attachment in the alternative and is bad for that reason. American Nat. Bank v. Klist, 155 Minn. 68, 192 N. W. 190. It had to fall.

Order affirmed.