FIRST NATIONAL BANK OF RUSH CITY v. J. M. MORROW.[1]

January 2, 1925.

No. 24,277.

**Affidavit for attachment.**
    1. The charge, in an affidavit for attachment, of one ground for attachment cannot be sustained by proof that another ground for attachment existed.

**Intention to defraud not proved.**
    2. Record examined and *held* to justify a finding that the transaction was not of such character as to indicate an intent to defraud.

Action in the district court for Pine county to recover $1,285. The case was tried before Searles, J., who ordered judgment for the amount demanded. From an order vacating the writ of attachment, plaintiff appealed. Affirmed.

*S. Bernhard Wennerberg*, for appellant.
*S. G. L. Roberts*, for respondent.

WILSON, C. J.

The order of the trial court vacating a writ of attachment and setting aside the levy thereunder from which this appeal is taken must be sustained.

[1] Reported in 201 N. W. 442.

The affidavit for attachment charges "that the defendant is about to assign, secrete or dispose of his property with intent to delay or defraud his creditors." The writ issued on March 27, 1924, and on the same day the sheriff attached a 183-acre farm, a part of which was defendant's homestead. On March 25, 1924, defendant sold and conveyed the land to another, but the deed was not recorded until March 28, 1924. The motion is supported by the defendant's affidavit denying the charge in the affidavit for attachment, thereby casting upon plaintiff the burden to sustain his accusation. Several affidavits were submitted by both parties.

Upon the record plaintiff urges that it has met the requirements imposed by law because it claims that the record now shows that the defendant was not "about to assign" etc., but that he had in fact assigned and disposed of his property for such purpose. Assuming, therefore, that the record would command a finding that defendant had actually assigned and disposed of his property for such purpose, does that sustain the accusation here lodged against the defendant?

That the charge in the affidavit that defendant is about to do the things mentioned is a distinct ground for attachment in itself independent of another distinct ground for attachment to the effect that he has actually done the things mentioned is definitely put to rest. Guile v. McNanny, 14 Minn. 391 (520), 100 Am. Dec. 244; American Nat. Bank v. Klist, 155 Minn. 68, 192 N. W. 190; Porter v. Boehme, 160 Minn. 127, 199 N. W. 895.

The charge in an affidavit for attachment, of one ground cannot be upheld because the proofs disclose that the other ground existed.

The court may well have concluded that the transaction was not of such character as to indicate an intent to defraud. The highest value put on the farm by affidavits of plaintiff was $22,500. The lowest value put on the homestead was $8,000. The one value was put lower by some and the other value was put higher by others. To ascertain the value available for creditors, we eliminate the homestead. Blake v. Boisjoli, 51 Minn. 296, 53 N. W. 637; Aretz v. Kloos, 89 Minn. 432, 95 N. W. 216, 769; Baldwin v. Rogers, 28 Minn. 544, 11 N. W. 77. Deducting the $8,000 leaves $14,500. But

the mortgage indebtedness on the farm was $14,541. The record on this branch is suffiicent to justify the conclusion of the trial court.

Affirmed.