# DETROIT LAKES REALTY COMPANY AND OTHERS v. WILLIAM S. McKENZIE AND ANOTHER.[1]

February 17, 1939.

No. 31,860.

[1]Reported in 284 N. W. 60.

*Schroeder & Schroeder,* for appellants.

*H. N. Jenson, C. U. Landrum,* and *Lowell W. Benshoof,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Defendants appeal from an adverse judgment in a suit on a bond.

About October 29, 1935, one William S. McKenzie commenced an action in the district court of Becker county against Detroit Lakes Realty Company, Frederick H. Wright, Grace Wright, Russell Wise, and City of Detroit Lakes in which he sought a permanent injunction to restrain them from obstructing a strip of land which had been a public road until vacated on February 4, 1935. At the time of the commencement of the action the Detroit Lakes Realty Company was in the process of building a group of cottages. Some of these, including the central building from which heat and water for the other cottages of the group were to be obtained, were being constructed, in whole or in part, on the strip of land in question.

In connection with this action, a temporary restraining order issued but was quashed a few days later. On or about November 1, 1935, construction of the buildings was suspended. After a hearing on November 15, 1935, a temporary injunction issued on December 5, 1935, whereby defendants in that action were enjoined from obstructing this strip of land. A temporary injunction bond, with McKenzie as principal and the American Surety Company as surety thereon, was filed. The injunction action was tried on April 7; the temporary injunction was finally vacated and dismissed on April 16; judgment was entered on May 22; construction resumed on April 28; and the project was completed on or about July 1, all in 1936.

Detroit Lakes Realty Company and the other defendants in the injunction action then brought suit on the bond against the principal and surety alleging damage in excess of $1,000, the amount

of the bond, representing attorneys' fees, lost profits, and increased construction costs. After the commencement of the action the rights of plaintiffs other than the realty company were assigned to it. This action resulted in a directed verdict in plaintiffs' favor, the damages being fixed by the jury in the sum of $500. This appeal is from a judgment entered on the verdict.

Appellants urge (1) that the evidence was insufficient to warrant an award for attorneys' fees in any sum; (2) that the case was submitted to the jury on an improper theory of damages; (3) that the verdict is not justified by the evidence; and (4) that the court erred in receiving certain exhibits over defendants' objections and in failing to grant defendants' motions to strike said exhibits from the record.

In support of the allegations of damage caused by expenditures for attorneys' fees, H. N. Jenson was called as a witness by the plaintiff. He testified that he was an attorney at law; that he had practiced his profession in Detroit Lakes for 30 years; that he was engaged, together with C. U. Landrum and Lowell Benshoof, as attorneys for the Detroit Lakes Realty Company in the injunction action brought against it and the other defendants by McKenzie; that he was familiar with the services performed in connection with that suit by himself and his associates; that the reasonable value of his own services was $320; of Landrum's $200; and of Benshoof's $100.

Checks amounting to $320 on which Jenson's name appeared as payee were identified by him as checks given in payment of his services and were admitted in evidence. Checks amounting to $200 and checks amounting to $100 upon which the names of Landrum and Benshoof, respectively, appeared as payee were presented and endorsements on these checks were identified by Jenson as the signatures of Landrum and Benshoof. He expressed the opinion that the latter checks were given to Landrum and Benshoof in payment for services rendered by them in the injunction suit. The persons signing as maker apparently did so as agents of the Graystone Hotel. Upon cross-examination Jenson was unable to give precise information as to the services rendered by himself and his associ-

ates but did testify that he based his opinion on the time devoted to the case, its importance, and the results obtained.

Appellants contend that there was no proper foundation laid for the testimony of Jenson; that it was not shown that the services were necessary or that Jenson had sufficient knowledge of the services performed; and that it was not shown that there was no charge for services rendered at other times or that the services for which compensation was sought were paid for. Respecting the checks which were admitted as evidence of payment, the appellants contend that such checks were not admissible because they were given by the Graystone Hotel and not by Detroit Lakes Realty Company. The ultimate argument of the appellants in this respect is that the evidence adduced pertaining to attorneys' fees was not sufficient as a matter of law to submit to the jury or to support a judgment for damages entered on the jury's verdict.

The court did not err in admitting the testimony of Jenson respecting the value of the services rendered by himself and the other attorneys. Whether a witness offered as an expert possesses the requisite qualifications involves so much of the element of fact that great consideration must necessarily be given to the decision of the trial judge; and his ruling will be sustained unless it is made clearly to appear that it was based upon some erroneous view of legal principles or that the ruling was not justified by the evidence presented to the judge at that time. Stevens v. City of Minneapolis, 42 Minn. 136, 137, 43 N. W. 842; Apitz v. City of New Ulm, 189 Minn. 205, 208, 248 N. W. 733; Peterson v. Schober, 192 Minn. 315, 329, 256 N. W. 308; Backstrom v. New York L. Ins. Co. 194 Minn. 67, 72, 259 N. W. 681. See, generally, 11 R. C. L. p. 564. This court, in Palmer v. Order of U. C. T. 191 Minn. 204, 206, 253 N. W. 543, 544, quoted 3 Jones, Evidence (2 ed.) § 1314:

"The test to determine whether a witness is qualified as an expert is to inquire whether his knowledge of the matter in relation to which his opinion is asked is such that it will probably aid the trier of the question to determine the truth."

494

In Allis v. Day, 14 Minn. 388 (516), it was held that the lower court did not err in admitting the testimony of certain attorneys respecting the value of services rendered by the plaintiff as an attorney. Examination of the record and briefs in that case discloses that the testimony in question consisted of opinions given by attorneys who knew nothing of the precise services rendered by the plaintiff. See also Calhoun v. Akeley, 82 Minn. 354, 85 N. W. 170.

In light of these precedents, we cannot say that the court erred in admitting the testimony of Jenson. It having been admitted without error, there can be no question but that it was sufficient to sustain the jury's verdict.

The well established rule of law that actual payment of attorneys' fees is not a condition precedent to recovery therefor in a suit on an injunction bond (Littleton v. Burgess, 16 Wyo. 58, 91 P. 832, 16 L. R. A. [N. S.] 49, and note at p. 76; note, 8 Ann. Cas. 716) provides sufficient answer to the objections of the appellants concerning the admission of the checks. There was no prejudicial error in this respect.

In support of the claim for lost profits, evidence was adduced to the effect that but for the injunction the cottages could have been completed by June 1; that because of the injunction they were not completed until on or about July 1; that the cottages could have been rented during the month of June. The record also discloses evidence showing the reasonable rental value of the cottages for the month of June, but no evidence appears respecting the amount which it would have cost to operate the cottages during that month.

In support of the claim for increased construction costs, the record discloses evidence to the effect that labor costs in the spring of 1936 were higher than during the winter of 1935-1936 and that because of the delay caused by the injunction the plaintiff was compelled to pay the higher rate.

There was no error in submitting to the jury the question of damages allegedly suffered by way of lost profits and increased construction costs. The reasonable rental value of the buildings during

the period when it would have been completed but for the injunction was a proper measure of damages. Stone v. Hunter Tract Imp. Co. 68 Wash. 28, 122 P. 370, 39 L.R.A.(N.S.) 180, and note at p. 180. While the evidence concerning the increased construction costs was limited, it is to be noted that the jury was instructed to find no damage in this respect unless the amount of damage could be ascertained with reasonable certainty. In light of all the circumstances of the case, we do not feel that the judgment should be reversed on the ground that this item of damage was speculative. See, generally, 15 Am. Jur., Damages, § 21.

The appellants were not prejudiced by the admission of account books, and therefore we need not consider the question of whether or not they were properly admitted.

We are satisfied that the verdict rendered is supported by the evidence.

Judgment affirmed.

