## GEORGE C. JORGENRUD AND ANOTHER v. OCIE C. MILLS AND ANOTHER.

166 N. W. (2d) 339.

March 21, 1969—No. 41033.

*Hammer, Weyl, Halverson & Watters, Gerald J. Brown,* and *Don L. Bye,* for appellants.

*Alfred J. Weinberg* and *Robert J. Karon,* for respondents.

Heard before Knutson, C. J., and Nelson, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

Per Curiam.

This is an appeal from an order vacating a writ of attachment in an action on a promissory note in which plaintiff also seeks damages for

fraud and loss of security in connection with the sale of a trailer camp resort and related personal property.

On February 2, 1967, the district court issued a writ of attachment based on an affidavit which contained the following paragraph:

"That defendants, or each or both of them, have assigned, secreted, or disposed of their property, or are about to do so, with intent to delay or defraud their creditors."

Upon defendants' motion, the trial court vacated and quashed the writ on May 5, 1967.

The issue is whether the allegations of the affidavit are fatally defective because they are set forth in the disjunctive following the language of the statute.[1] This question was laid to rest in Guile v. McNanny, 14 Minn. 391 at 392 (520 at 521), where we said:

"* * * The intention of the statute was to protect creditors against the fraudulent conduct of their debtors, but in doing so it was also intended to protect innocent debtors against oppression and injury by specifying the acts of the debtor which, if done with a fraudulent intention, should be sufficient cause for an attachment in favor of the creditor, and requiring an affidavit of the commission of such acts, or some one or more of them, by the debtor with such fraudulent intent. * * *

*   *   *   *   *

"* * * The debtor charged with fraud has a right to know with reasonable certainty upon what ground the creditor relies in making the charge."

The court thereupon affirmed an order setting aside the attachment.

The principles applied in the Guile case have been followed in American Nat. Bank v. Klist, 155 Minn. 68, 192 N. W. 190; Porter v. Boehme, 160 Minn. 127, 199 N. W. 895; and First Nat. Bank v. Morrow, 161 Minn. 358, 201 N. W. 442. No persuasive reason has been advanced for overruling them and we are not disposed to do so.

Affirmed.

---

[1] The applicable statute is Minn. St. 570.02, which provides in part: "To obtain such writ, the plaintiff, his agent or attorney, shall make affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the ground thereof, and alleging:

*   *   *   *   *

"(4) That he has assigned, secreted, or disposed of his property, or is about to do so, with intent to delay or defraud his creditors."