Carol BENSON, Respondent,

v.

**NORTHERN GOPHER ENTERPRISES, INC., and Kleinman Realty Company, Appellants.**

No. C7–89–671.

Supreme Court of Minnesota.

May 4, 1990.

Rehearing Denied May 24, 1990.

John M. Anderson, Charles E. Lundberg, Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for appellants.

Douglas E. Schmidt, Sieben, Grose, Von Holtum, McCoy and Carey, Ltd., Minneapolis, for respondent.

KELLEY, Justice.

In this action commenced by a tenant, respondent Carol Benson, against the owner, appellant Northern Gopher Enterprises, Inc., and the manager, appellant Kleinman Realty Company, of a Minneapolis apartment building for damages allegedly sustained by her as a result of an accumulation of carbon monoxide fumes in her apartment, the plaintiff sought to establish liability by relying primarily on the opinion of an expert witness. The trial court excluded the proffered opinion for lack of foundation. The exclusion resulted in a subsequent entry of summary judgment. In reversing, the court of appeals ruled that the trial court had abused its discretion by excluding the opinion and in ordering the entry of the summary judgment, and remanded the case for trial. *Benson v. Northern Gopher Enters.*, 446 N.W.2d 678 (Minn.App.1989). Because we find no abuse of the trial court's discretion, we reverse and affirm the trial court's grant of summary judgment.

For 15 months during 1984–1985, the respondent Carol Benson resided in an apartment on the fourth floor of the Franklin Terrace Apartments. In this suit seeking

damages for alleged personal injuries, she claimed the appellants had negligently permitted carbon monoxide fumes from an underground parking garage beneath the building to infiltrate her apartment. At the trial, her first witness was Phillip Anderson, a consultant in the field of mechanical engineering, who, after being qualified as an expert, was asked to assume a number of facts. Among those facts were results of some carbon monoxide tests completed several years before the plaintiff moved into the building which were taken in two apartments on the first and second floors and in the parking garage immediately below them. Those tests, prior to certain repairs to the ventilation system in 1982, had shown elevated levels of carbon monoxide fumes.[1] Anderson was then asked for his opinion whether elevated readings in respondent's apartment in 1985 were causally related to the parking garage. The trial judge initially sustained the defendants' objection on the grounds of lack of foundation. Following his ruling, the trial court explained the reasons for the ruling at a bench conference. However, he invited respondent's counsel to reframe the question providing further detail. Defendants renewed their objection. At this point, the jury was excused so the court and counsel could discuss the foundation and admission issues at length. Although the initial question was reframed, the judge ruled that he would adhere to his prior ruling and would sustain the objection because he still felt there was no foundational support for the opinion that the levels of carbon monoxide in respondent's apartment in 1985 were in any way related to pre-repair high levels of carbon monoxide fumes in the parking garage under another section of the building

in 1982—in the absence of any evidence showing any elevated level of carbon monoxide in the parking garage in 1984 and 1985 during the period respondent's apartment contained high levels of carbon monoxide.

The trial court relied upon Minnesota Rules of Evidence 104 and 703 when it concluded that the proposed opinion testimony was speculative, conjectural, and lacking in factual predicate for any assumption that there ever existed an elevated carbon monoxide level in the parking garage at any time the respondent lived in her apartment. Thereupon, respondent's counsel advised the court that since the whole case was predicated on Anderson's opinion, should the court continue to adhere to its exclusion ruling, it should consequently grant summary judgment to appellants, thereby facilitating an early appeal of the court's evidentiary ruling. Even so, the trial court thereafter requested that respondent make an offer of proof, which was made, on the foundation question. Once again, the trial court rejected the proffered opinion. Later, in a memorandum appended to the order granting appellants' summary judgment motion, the trial court reiterated its reasons for sustaining the foundational objection.

■ The sole issue before us is whether the trial court erred in excluding this expert's opinion testimony. It has long been the law in this state that evidentiary rulings, including a decision to exclude expert testimony, lie within the sound discretion of the trial court. *Detroit Lakes Realty Co. v. McKenzie*, 204 Minn. 490, 493, 284 N.W. 60, 62 (1939). We reaffirmed this standard in *Reinhardt v. Colton*, 337 N.W.2d 88 (Minn.1983). "[T]he exclusion of expert

---

1. According to a standard set by the American Society of Heating, Refrigeration & Air Conditioning Engineers, carbon monoxide in indoor air should not exceed nine parts per million. In February 1982, the level in the underground garage was initially between 18 and 30 parts per million, and in the two apartments, between 8 and 13 parts per million. Following repairs made to the ventilation system, these levels were reduced in the garage to 2.5 per million and in the two apartments, between .5 and 3 parts per million. Although testing was made

of the air inside respondent's fourth floor apartment when, and after, she lived in it, no simultaneous testing of her apartment, or any other apartment was made in conjunction with testing of the inside garage air after the 1982 tests. Moreover, apartment 403, in which respondent lived, not only is on the fourth floor while the apartments tested in 1982 were on the first and second floor, but is located in a different section of the building which is separated from the area tested by a fire wall.

medical testimony lies within the sound discretion of the trial court, and its ruling will not be reversed unless it is based on an erroneous view of the law or it constitutes an abuse of discretion." *Id.* at 93 (citing *Walton v. Jones,* 286 N.W.2d 710, 713 (Minn.1979)); *see also Kinning v. Nelson,* 281 N.W.2d 849, 854 (Minn.1979). A trial judge is given wide latitude in determining whether there is sufficient foundation upon which an expert may state an opinion. *Gardner v. Coca Cola Bottling Co.,* 267 Minn. 505, 513, 127 N.W.2d 557, 563 (1964). Even if this court would have reached a different conclusion as to the sufficiency of the foundation, the decision of the trial judge will not be reversed absent clear abuse of discretion. *Reinhardt v. Colton,* 337 N.W.2d at 92 n. 1. "Rather, our standard of review places the responsibility for evidentiary rulings squarely with the trial judge * * *." *Id.*

■ Affording due deference to the thoroughness of the trial court's exploration of the issue, and the reasons articulated by the trial court, both on the record and in his memorandum, we conclude that, although we may have reached a different conclusion, as an appellate court, we would be hard put to attempt to justify a holding that the trial court abused its discretion when it sustained the objection for lack of foundation.

■ We decline to adopt the analysis suggested by the court of appeals when it reached a contrary conclusion—that when evidence has probative value, a trial court as a matter of law abuses its discretion to exclude it. Even though evidence may have probative value, its exclusion may well be within the trial court's discretion. *See, e.g., In re Commodore Hotel Fire & Explosion Cases,* 324 N.W.2d 245, 249 (Minn.1982). While we understand that the analysis suggested by the court of appeals' decision was an attempt to provide a guideline for determination of whether discretion has indeed been abused, we reiterate that by their very nature, evidentiary rules demand a case by case analysis, an analysis best left to the trial judge familiar with the "setting" of the case.

Accordingly, we hold that this trial judge in ruling to exclude the expert opinion evidence, did not abuse its discretion. Because there was absence of any other evidence on liability, the judgment the trial court entered is affirmed.

Reversed.