# FRANK A. GOSWITZ v. RUFUS C. JEFFERSON.[1]

October 31, 1913.

Nos. 18,337—(168).

**Judgment — constructive notice of lien.**

1. Where the owner of a city lot conveyed the same as security by deed which was duly recorded, a judgment docketed thereafter against the grantor is not constructive notice of the lien thereof to a subsequent purchaser from the vendee.

**Deed takes effect at delivery.**

2. A deed takes effect at the time of its delivery and not at the time of its date.

**Conveyance through third person — homestead right.**

3. Where a vendor, instead of conveying directly to the vendee, conveys to a third party who is actually residing upon the lot, and such third party conveys to the vendee, an existing judgment against such third party does not become a lien as against the vendee as whatever interest vested in such third party through such deed forthwith became his homestead.

**Notice to purchaser — lien of judgment against equitable owner.**

4. Where the vendor held the title as security only, and the equitable owner was in possession of the property, but the records failed to disclose any interest in such equitable owner, and both the vendor and the equitable owner informed the purchaser that the vendor was the owner and that the equitable owner was merely his tenant, and in reliance thereupon the purchaser paid the full purchase price and received and recorded his title deeds, without any knowledge of the interest of such equitable owner or of a judgment which was in fact a lien thereon, the purchaser took the title free and clear from the lien of such judgment.

Action in the district court for Ramsey county to vacate an execution sale of the real estate described in the complaint. The case was tried before Dickson, J., who made findings and ordered judgment in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*B. H. Schriber* and *George B. Spencer,* for appellant.

*Arthur Christofferson* and *J. A. A. Burnquist,* for respondent.

[1] Reported in 143 N. W. 720.

TAYLOR, C.

This is an action to set aside and annul an execution sale. The trial court directed that the sale be annulled and denied defendant's motion for a new trial. Defendant appeals.

Augusta Hasslen was the owner of lot 21, block 4, Roger's Addition to St. Paul, on April 6, 1908. On that date she and her husband, John Hasslen, mortgaged the lot to George W. Magee. Thereafter, and on April 23, 1908, they conveyed the lot by quitclaim deed to George S. Heron as security for an indebtedness to, him. Heron took charge of the property and applied the rents therefrom upon such indebtedness. In May, 1910, the Hasslens took up their residence upon the lot under an agreement with Heron to pay the usual rent until their indebtedness to him should be satisfied. They resided upon the lot until it was sold to plaintiff but failed to make any payments. On March 10, 1910, and before the Hasslens had established a residence upon the lot, R. C. Jefferson and James Kasson recovered a judgment against both Augusta Hasslen and John Hasslen. The Magee mortgage was foreclosed and the lot sold thereunder on January 7, 1911. In the spring of 1911, Heron placed the property in the hands of Philip G. Hoffman, a real estate agent, for sale. Hoffman negotiated a sale to plaintiff which was consummated on May 15, 1911. While negotiating for the property, plaintiff was informed by Hoffman, the agent of Heron, and by Mrs. Hasslen that Heron owned the property and that the Hasslens were merely occupying it as his tenants. The abstract disclosed that Mrs. Hasslen had formerly owned the property and had conveyed it to Heron, but did not disclose that she then had any interest in it, and did not disclose the judgment held by Jefferson and Kasson. The certificate as to judgments showed that there were no judgments against Augusta Hasslen during the 10 years prior to the time that her deed to Heron was placed on record, but did not cover the period subsequent to that date. At the time of completing his purchase, plaintiff had no actual notice or knowledge that Jefferson and Kasson held a judgment against Augusta Hasslen nor that she had any interest in the property other than as a tenant under Heron. On May 15, 1911, plaintiff paid the full purchase price for the

property to Heron in cash, and received from Heron the following instruments all of which plaintiff placed on record on that date:

A quitclaim deed from George S. Heron, unmarried, to Augusta Hasslen, dated August 4, 1908; a quitclaim deed from Augusta Hasslen and John Hasslen, her husband, to Philip G. Hoffman, dated May 6, 1911; a certificate of redemption from the Magee foreclosure sale executed by the executrix of George W. Magee, deceased, to Augusta Hasslen and John Hasslen, her husband, as owners, dated May 13, 1911; a special warranty deed from Philip G. Hoffman, widower, to plaintiff, dated May 13, 1911; and a warranty deed from Augusta Hasslen and John Hasslen, her husband, to plaintiff, dated May 13, 1911.

The deed from Heron to Mrs. Hasslen bore date in 1908, but it is expressly found as a fact that this deed was not delivered until May 15, 1911, and then not to Mrs. Hasslen, but to plaintiff as a part of the transaction by which the title was vested in him. It is elementary that a deed does not take effect until delivery. It is immaterial whether the title passed from Heron directly to plaintiff, or from Heron to Mrs. Hasslen and from her to plaintiff. Mrs. Hasslen was actually residing upon the lot. Her only interest therein so far as plaintiff knew was that of a tenant. If the title vested in her by delivery of the Heron deed, the lot forthwith became her homestead, and the lien of judgments existing against her could not attach thereto at that time. If other parties, creditors or others, possessed undisclosed rights by reason whereof they were entitled to take the property from Mrs. Hasslen notwithstanding the homestead law, such rights would not attach as against plaintiff, unless he was chargeable with notice thereof.

As the deed to Heron was given for security only, Mrs. Hasslen remained the equitable owner of the property, and the judgment against her, having been docketed before her homestead rights attached, became a lien upon such equitable interest therein. The records, however, indicated that Mrs. Hasslen had parted with all her interest in the lot nearly two years before the rendition of the judgment, and that Heron was the owner in fee thereof. The judgment not having been docketed until after the recording of the deed

from Mrs. Hasslen to Heron, no notice of the existence of the lien can be imputed to plaintiff under or by virtue of the recording acts.

It is contended, however, that the documents delivered to plaintiff at the time he completed his purchase contained information sufficient to put him upon inquiry, and that such inquiry would have disclosed the interest of Mrs. Hasslen in the property.

Conceding that plaintiff should have made inquiry as to whether Mrs. Hasslen had any interest in the property not disclosed by the record, what inquiry was he called upon to make? To whom should he apply for such information? He had no knowledge of the Jefferson and Kasson judgment nor that the deed to Heron was given as security, nor of any indebtedness against Mrs. Hasslen. The most obvious source from which he would naturally expect to obtain accurate and reliable information as to whether she had any interest in or claim to the property was from Mrs. Hasslen herself. He was informed by her that Heron was the owner and that she had no interest other than as a tenant under him. The only person disclosed to plaintiff who appeared to have any claim arising under or through Mrs. Hasslen, other than Heron and the purchaser at the foreclosure sale, was Hoffman. Hoffman gave plaintiff the same information as did Mrs. Hasslen. The only persons known to plaintiff, or in any way pointed out or indicated to him as possibly having an interest in the property, were Heron who held the legal title, the purchaser at the foreclosure sale, Mrs. Hasslen and Hoffman. Redemption was made from the foreclosure sale. Both Mrs. Hasslen and Hoffman informed plaintiff that Heron was the owner and that the Hasslens were merely tenants under him. The title acquired by plaintiff was apparently perfect and included whatever interest may have been possessed by any and all these parties. The evidence indicates that he acted in entire good faith, and we can find nothing in the record from which we can say that any duty was imposed upon him to seek any other or further information than he received, or from which we can impute to him notice of Mrs. Hasslen's equitable interest or of the judgment lien thereon.

On August 28, 1911, under an execution issued upon the Jefferson and Kasson judgment, the sheriff sold the lot to defendant Jefferson

and executed to him the usual certificate of sale. Plaintiff brought this action to set aside and annul such sale and to have it determined that he was the owner of the lot free and clear from any lien under or by virtue of the judgment. He deposited with the sheriff the amount necessary to redeem from such sale and a bond as provided by section 4315, R. L. 1905. The trial court determined that plaintiff was entitled to the relief sought and to a return of the money and bond deposited with the sheriff and directed that judgment be entered accordingly. The evidence is sufficient to sustain this decision and the order appealed from is affirmed.