NATIONSBANC MORTGAGE
CORPORATION,
Respondent,

v.

SECURITY BANK AND TRUST, as
Trustee for the Ted C. Victor
Trust, Appellants.

No. C3–99–555.

Court of Appeals of Minnesota.

Oct. 5, 1999.

Katherine M. Bergenthal, Eric R. Heiberg, Coleman, Hull & Van Vliet, P.L.L.P., Minneapolis, for respondent.

Frank A. Janes, Mark E. Greene, Standke, Greene & Greenstein, Ltd., Minnetonka, for appellants.

Considered and decided by CRIPPEN, Presiding Judge, SHORT, Judge, and HARTEN, Judge.

## OPINION

CRIPPEN, Judge.

Appellant disputes the trial court's summary judgment that its judgment claim is defeated by a mortgage interest that was perfected at an earlier date. We affirm.

## FACTS

In Hennepin County, in 1996, appellant obtained a judgment against Jacque Bethke that was docketed by the district court administrator. Appellant acknowledges that the judgment did not attach as a lien against Bethke's homestead in Rogers, which Bethke had owned and occupied since 1993. Two months after the judgment was docketed, the home was mortgaged to respondent NationsBanc. In 1997, Bethke defaulted on her mortgage, and it was foreclosed by respondent. The statutory redemption period expired six months later. Bethke did not redeem.

Appellant contends that its judgment claim became a perfected lien when Bethke failed to redeem on her mortgage and that it took priority at that time based on the date it was docketed. Rejecting appellant's contentions, the trial court granted summary judgment in respondent's declaratory judgment action.

## ISSUE

Does NationsBanc's mortgage defeat appellant's judgment claim?

## ANALYSIS

On appeals from summary judgment, this court examines whether there are any genuine issues of material fact and whether the lower court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). Appellant's dispute is confined to issues of law, which we review de novo.

█ Appellant contends, assuming that his judgment claim became a perfected lien in June 1998 at the end of the redemption period on respondent's foreclosure proceeding, that the judgment lien had priority over the mortgage. In appellant's opinion, because the judgment became a lien, albeit not attached, when it was docketed, its priority was established at that time. *See* Minn.Stat. § 548.09, subd. 1 (1998) (declaring that judgment is a lien from the time of docketing).

█ Appellant cites authorities indicating that a judgment creates a lien that merely does not "attach" to homestead property. *See, e.g., Goswitz v. Jefferson*, 123 Minn. 293, 295, 143 N.W. 720, 721

(1913) (stating that "lien of judgments" does not attach to homestead). Appellant observes that the homestead statute only declares an exemption from "seizure and sale," not from the priority status of lien. Minn.Stat. § 510.01 (1998). But appellant finds no authority suggesting that a judgment claim is a perfected lien before it attaches or that any claim has priority before it is perfected as a lien.[1] There is no such authority.

Appellant also points to *Lowe v. Reierson,* 201 Minn. 280, 276 N.W. 224 (1937), indicating that priority of judgments is based on their date of docketing in situations in which several docketed judgments become liens at the same time because of the loss of a homestead interest. *Id.* at 285–86, 276 N.W. at 226. But *Lowe* does not deal with claims that are perfected as liens after a duly perfected mortgage lien is established. Appellant finds no authority establishing that a judgment claim, when it is perfected as a lien, may have priority over a previously perfected mortgage, and there is no such authority. Appellant's entire approach, suggesting a prior lien in the event the Bethke homestead rights expired, is flawed.

There also is no merit in appellant's argument that Bethke lost her homestead exemption through abandonment because of her failure to redeem during the statutory redemption period. Ownership was extinguished without oc-

currence of a moment where the property ceased to be a homestead but was still owned. *See* Minn.Stat. § 510.07 (1998) (homestead exemption is not lost during a transfer by sale); *Neumaier v. Vincent,* 41 Minn. 481, 482–83, 43 N.W. 376 (1889) (holding that lien does not attach in time between purchase and actual occupancy).

Finally, appellant suggests that the Bethke's property was partly non-homestead. Because this proposition was not raised before the trial court, we need not address it. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). And because the record does not establish a non-homestead parcel, review of the issue is not suggested by interests of justice. Minn. R. Civ.App. P. 103.04 (permitting review as justice requires).

## DECISION

Although appellant's judgment was docketed before Bethke's mortgage on her homestead, the mortgage interest has priority because it was perfected as a lien at an earlier date—that of its recording.

**Affirmed.**

---

**1.** *See Black's Law Dictionary,* 1074 (6th ed.1990) (describing under "[p]riority of liens" that "[l]iens are ranked in the order in which they are perfected and those which are perfected first are said to be priority liens").