**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustees of Ameriquest Mortgage Securities, Inc., Asset Backed Pass–Through Certificates, Series 2003–13, a United States corporation, Appellant**

v.

**Deborah K. PETERSEN, Respondent,**

**Guy L. Petersen, Respondent,**

**Merchants Bonding Company, Respondent.**

No. A07–0210.

Court of Appeals of Minnesota.

April 22, 2008.

Gary B. Bodelson, Minneapolis, MN, for appellant.

Deborah K. Petersen, Guy L. Petersen, Ramsey, MN, pro se, respondents.

Susan Sheely, Barna, Guzy & Steffen, Ltd., Minneapolis, MN, for respondent, Merchants Bonding Company.

Considered and decided by TOUSSAINT, Chief Judge; PETERSON, Judge; and CRIPPEN, Judge.*

# OPINION

PETERSON, Judge.

In this priority dispute between a mortgagee and a judgment creditor whose judgment was docketed before the mortgage was recorded, the district court determined that because the judgment lien attached to the judgment debtors' property when the judgment was docketed, the judgment has priority over the mortgage. We reverse and remand.

## FACTS

In June 2001, respondent Deborah K. Petersen purchased a home in the City of Ramsey in Anoka County. She and her husband, respondent Guy L. Petersen (the homeowners), have resided in the home since June 2001. On August 11, 2003, respondent Merchants Bonding Company (Merchants) obtained a judgment against the homeowners in Hennepin County. On November 21, 2003, the homeowners executed and delivered a mortgage on the property in favor of Ameriquest Mortgage Company. The judgment against the homeowners was docketed in Anoka County on November 26, 2003, and the mortgage was recorded on December 8, 2003. The mortgage was later assigned to appellant Deutsche Bank National Trust Company (Deutsche Bank). The assignment and a notice of pendency of a proceeding to foreclose the mortgage were filed on February 16, 2005.

In October 2005, Deutsche Bank brought an action against the homeowners and Merchants seeking a determination that the mortgage is prior and superior to any interest that Merchants has in the property. Deutsche Bank moved for summary judgment, and the district court denied the motion after concluding that (a) at the time the judgment was docketed in Anoka County, the judgment attached to the property; (b) the homestead exemption is a protection provided to the homeowners, and as a creditor, Deutsche Bank cannot assert the homestead exemption; and (c) because the judgment lien was docketed before the mortgage was recorded, the judgment lien has priority over the mortgage. The district court later issued an amended order, directing that judgment be entered in favor of Merchants based on the court's determination that Merchants' judgment lien has priority over Deutsche Bank's mortgage. This appeal followed.

## ISSUES

I. Did Merchants' judgment lien attach to the homeowners' property when the judgment was docketed in Anoka County?

II. Could Deutsche Bank assert the homestead exemption as a basis for its priority claim?

III. Does Merchants' judgment have priority over Deutsche Bank's later-recorded mortgage?

## ANALYSIS

On appeal from a summary judgment, this court examines the record to determine whether any genuine issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn. 1990). This court reviews de novo whether a genuine issue of material fact exists

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

and whether the district court erred in applying the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 77 (Minn.2002). When the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion, which this court reviews de novo. *Lefto v. Hoggsbreath Enters., Inc.*, 581 N.W.2d 855, 856 (Minn.1998).

## I.

Subject to exceptions that do not apply here, "[f]rom the time of docketing [a judgment requiring the payment of money] is a lien, in the amount unpaid, upon all real property in the county then or thereafter owned by the judgment debtor."[1] Minn.Stat. § 548.09, subd. 1 (2006). Merchants obtained a judgment against the homeowners, and the judgment was docketed in Anoka County. Under the plain language of Minn.Stat. § 548.09, subd. 1, when the judgment was docketed, it became a lien upon the homeowners' property.

■ But the fact that the judgment became a lien upon the property when it was docketed does not mean that the judgment has priority over the later-recorded mortgage. "The basic rule of lien priority law is simple and well-settled. That rule states that in disputes between creditors concerning a lien on the debtor's property, the first creditor to perfect the lien shall prevail." *Oldewurtel v. Redding*, 421 N.W.2d 722, 726 (Minn.1988). A judgment lien is not perfected until it attaches. *Na-*

*tionsBanc Mortgage Corp. v. Sec. Bank & Trust*, 600 N.W.2d 481, 483 (Minn.App. 1999), *review denied* (Minn. Dec. 14, 1999). Minnesota courts have long held that a judgment lien does not attach to exempt property. *See, e.g., Eustice v. Jewison*, 413 N.W.2d 114, 120 (Minn.1987) (holding that a judgment could attach only to the judgment debtor's non-exempt property); *Oxborough v. St. Martin*, 142 Minn. 34, 35, 170 N.W. 707, 708 (1919) (holding that a judgment lien does not attach to homestead property until and unless the property ceases to be a homestead).

■ The legislature has enacted statutes that define exempt homestead property.

> The house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount of area and value hereinafter limited and defined, shall constitute the homestead of such debtor and the debtor's family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing....

Minn.Stat. § 510.01 (2006). In 1993, the legislature limited the amount of the homestead exemption for non-agricultural homestead property to $200,000 of value. 1993 Minn. Laws ch. 79, § 2 (codified at Minn.Stat. § 510.02 (2006)).[2] The value limitation on the homestead exemption applies to the homeowner's equity, not to the market value of the home. *Baumann v. Chaska Bldg. Ctr., Inc.*, 621 N.W.2d 795,

---

1. The statute provides further that a judgment "is not a lien upon registered land unless it is also recorded pursuant to sections 508.63 and 508A.63." Minn.Stat. § 548.09, subd. 1. The homeowners' property is not registered land.

2. In 2007, the legislature increased the value limit of the exemption for non-agricultural homestead property from $200,000 to $300,000. 2007 Minn. Laws ch. 105, § 2,

106 § 11 (codified at Minn.Stat. § 510.02, subd. 1 (Supp. 2007)). Our resolution of this case does not require us to determine which exemption limit applies. Because the 2007 amendments to chapter 510 do not affect our decision, for ease of reference, we cite to the 2006 version of chapter 510 throughout the opinion.

799 (Minn.App.2001.) There is also an area limitation on the homestead exemption, and the limit for a homestead within the laid-out or platted portion of a city is one-half acre. Minn.Stat. § 510.02 (2006).[3] If, as Deutsche Bank asserts, the property falls within this exemption, Merchants' judgment lien did not attach.

■ The homestead exemption does not extend to any lawfully obtained mortgage on the homestead. Minn.Stat. § 510.05 (2006). Consequently, the homestead exemption does not prevent a mortgage lien from being perfected. In *NationsBanc*, this court addressed a priority dispute that involved a judgment lien and a later-recorded mortgage on homestead property. 600 N.W.2d at 482. The judgment lien was based on a judgment that had been docketed two months before the homestead was mortgaged. *Id.* Although the judgment was docketed before the mortgage was recorded, this court concluded that because the homestead exemption applied to the property, the judgment lien did not attach to the property before the mortgage was recorded. *Id.* at 483. Because the mortgage was perfected when it was recorded, the mortgage had priority over the unattached and unperfected judgment lien. *Id.*; *see also Landers–Morrison–Christenson Co. v. Ambassador Holding Co.*, 171 Minn. 445, 449, 214 N.W. 503, 505 (1927) (stating that advances secured by mortgage have priority over mechanics' liens that attached after the mortgage was recorded but before the advances were made); *Landmark v. Schaefbauer*, 41 B.R. 766, 770 (Bankr.D.Minn.1984) (determining that recording real estate mortgage perfects lien against property of bankruptcy estate).

The same principle applies to the present priority dispute. If the homeowners' property was exempt homestead property, the judgment lien did not attach to the property when the judgment was docketed. If it did not attach, the judgment lien was not perfected when the mortgage was recorded. Therefore, because the mortgage was perfected when it was recorded, Deutsche Bank would be the first creditor to perfect its lien, and the mortgage would have priority over the judgment.

## II.

■ The district court concluded that the homestead exemption is a protection provided to the homeowners, and as a creditor, Deutsche Bank cannot assert the homestead exemption. But the statutes that define the homestead exemption expressly extend its protection to a homestead-owner's grantees. "The owner may sell and convey the homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in the owner's hands...." Minn. Stat. § 510.07 (2006). In interpreting the predecessor to this statute, the supreme court considered a claim that the homestead exemption can only be asserted by the homestead owner. *Baldwin v. O'Laughlin*, 28 Minn. 544, 549, 11 N.W. 77, 79 (1881). In *Baldwin*, the homestead owner conveyed the homestead to an individual who was to assume and payoff the mortgages and overdue taxes on the property and then sell the property and pay to the original owner any surplus proceeds remaining after the encumbrances were paid. *Id.* at 547, 11 N.W. at 78. The homestead owner's purpose in making the conveyance was to shield any surplus pro-

---

**3.** In 2007, the legislature removed the one-half-acre area limitation for a homestead within the laid-out or platted portion of a city.

2007 Minn. Laws ch. 105, § 2, 106 § 11 (codified at Minn.Stat. § 510.02, subd. 1 (Supp. 2007)).

ceeds from his creditors. *Id.* When a judgment creditor, seeking to have the conveyance declared void, argued that the homestead exemption can only be asserted by the homestead owner, the supreme court rejected the argument and explained:

> The [judgment creditor's] position, that the homestead right is a personal right, which can only be asserted by the person whose homestead right it is, is utterly inconsistent with the decisions of this court.... If the owner of a homestead cannot sell and convey so that his grantee can avail himself of the fact that it was a homestead, against the grantor's creditors, what possible meaning can be attributed to the statute where it says that "the owner of a homestead, under the laws of this state, ... may sell and convey the same, and such ... sale and conveyance shall not render such homestead liable or subject to forced sale on execution or other process hereafter issued on any judgment or decree of any court of this state, or of the district court of the United States for the state of Minnesota, against such owner. Nor shall any judgment or decree of any such court, be a lien on such homestead for any purpose whatever?"
>
> If this does not mean that the land constituting the homestead is as much protected in the hands of the grantee as it was in the hands of the grantor from the judgments and decrees mentioned, and that the former may assert his rights accordingly, it means nothing.

*Id.* at 549, 11 N.W. at 79 (second and third omissions in original) (quoting Minn. Gen. Stat. ch. 68, § 8 (1878) (predecessor to Minn.Stat. § 510.07)).

■ Furthermore, by enacting the homestead exemption, the legislature defined the interests that creditors may obtain in homestead property. As we have already stated, the legislature chose not to extend the homestead exemption to any lawfully obtained mortgage on a homestead, which means that Deutsche Bank's interest in the homeowner's property is not limited by the homestead exemption. But, as a judgment creditor, Merchants' interest in the property is limited by the homestead exemption. In arguing that its mortgage has priority over Merchants' judgment because the mortgage lien was perfected before the judgment lien attached, Deutsche Bank was asserting its rights under the homestead-exemption statute; it was not asserting the homeowners' rights. Therefore, the district court erred in determining that Deutsche Bank cannot assert the homestead exemption.[4]

### III.

■ Because the district court concluded that Deutsche Bank cannot assert the homestead exemption, the district court did not determine whether the homeowners' property was exempt homestead property. Whether Merchants' judgment has priority over Deutsche Bank's mortgage depends on whether the judgment lien was perfected before the mortgage

---

**4.** Merchants argues that the homeowners waived their right to claim the homestead exemption in an indemnity agreement. It is undisputed that the alleged indemnity agreement was not submitted to the district court until after the summary judgment hearing. Minn. R. Gen. Pract. 115.03(b) requires that documents and exhibits used in opposing summary judgment be filed with the court administrator at least nine days before the hearing. Because the waiver issue was not properly before the district court, and the district court did not address it, we decline to address it on appeal. *See Toth v. Arason,* 722 N.W.2d 437, 443 (Minn.2006) (stating that "a reviewing court generally may consider only those issues that the record shows were presented to and considered by the trial court") (quotation omitted).

was recorded. Whether the judgment lien was perfected before the mortgage was recorded depends on whether the homeowners' property was exempt homestead property. Therefore, because determining whether the homeowners' property was exempt homestead property requires factual determinations regarding the value of the homeowners' equity in the home and the size of the property, we reverse the judgment of the district court that the judgment has priority over the mortgage, and we remand so that the district court can determine whether the homeowners' property was exempt homestead property and, based on its determination, decide whether the judgment or the mortgage has priority. On remand, the district court may, in its discretion, open the record to receive additional evidence.

### DECISION

Because the priority of Deutsche Bank's interest in the homeowners' property depends on whether the property is exempt homestead property, Deutsche Bank may assert the homestead exemption as a basis for its priority claim. Because a judgment lien does not attach to exempt property, the district court could not correctly determine whether Merchants' judgment has priority over Deutsche Bank's mortgage without determining whether the homeowners' property was exempt homestead property. Because determining whether the homeowners' property was exempt homestead property requires factual findings regarding the value of the homeowners' equity and the size of the property, the district court must make the necessary findings and determine whether the mortgage or the judgment has priority.

**Reversed and remanded.**